# Exhibit 2

**APPLICANT:** ABCD Graphics and Design, Inc.

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
N/A

**CORRESPONDENT E-MAIL ADDRESS:**
blushingbooks@gmail.com

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 7/25/2013**

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

**Summary of Issues that Applicant Must Address**

- Registration Refused – Likelihood of Confusion
- Disclaimer Statement

**Registration Refused – Likelihood of Confusion**

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration Nos. 3439056, 3850583 and 3990219. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the enclosed registrations.

The applied-for mark is BLUSHING BOOKS for "multimedia publishing of books, magazines, journals, software, games, music, and electronic publications."

The registrant's mark in Registration No. 3990219 is BLUSH for "romance novels."

The registrant's mark in Registration No. 3439056 is BLUSH for "magazines devoted to women and women's issues."

The registrant's mark in Registration No. 3850583 is BLUSH for services including "providing an Internet website featuring non-downloadable publications in the nature of articles in the fields of beauty, fashion, celebrity, health and fitness, entertainment, family and children, pets, dieting, and cooking and recipes; Online journals, namely, blogs, featuring information regarding beauty, fashion, celebrity, health and fitness, entertainment, family and children, pets, dieting, and cooking and recipes."

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and services of the applicant and registrant. *See* 15 U.S.C. §1052(d). A determination of likelihood of confusion under Section 2(d) is made on a case-by case basis and the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) aid in this determination. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349, 98 USPQ2d 1253, 1256 (Fed. Cir. 2011) (citing *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1474 (Fed. Cir. 2000)). Not all the *du Pont* factors, however, are necessarily relevant or of equal weight, and any one of the factors may control in a given case, depending upon the evidence of record. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d at 1355, 98 USPQ2d at 1260; *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont de Nemours & Co.*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant: similarity of the marks, similarity and nature of the goods and services, and similarity of the trade channels of the goods and services. *See In re Viterra Inc.*, 671 F.3d 1358, 1361-62, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1595-96 (TTAB 1999); TMEP §§1207.01 *et seq.*

*Comparison of the Marks*

In a likelihood of confusion determination, the marks are compared for similarities in their appearance, sound, meaning or connotation, and commercial impression. *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b)-(b)(v). Similarity in any one of these elements may be sufficient to find the marks confusingly similar. *In re White Swan Ltd.*, 8 USPQ2d 1534,

1535 (TTAB 1988); *see In re 1st USA Realty Prof'ls, Inc.*, 84 USPQ2d 1581, 1586 (TTAB 2007); TMEP §1207.01(b).

The applicant's mark is BLUSHING BOOKS.

The registered marks are BLUSH.

The first word of the applicant's mark merely adds the suffix "ing" to the registered marks. This suffix does not change the overall meaning of the marks, namely, all of the marks give the commercial impression of a person that is flushed. Consumers are generally more inclined to focus on the first word, prefix, or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F. 3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005); *Presto Prods., Inc. v. Nice-Pak Prods., Inc.*, 9 USPQ2d 1895, 1897 (TTAB 1988) ("it is often the first part of a mark which is most likely to be impressed upon the mind of a purchaser and remembered" when making purchasing decisions).

The addition of the descriptive term BOOKS does not preclude the likelihood of confusion. Although marks are compared in their entireties, one feature of a mark may be more significant or dominant in creating a commercial impression. *See In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Nat'l Data Corp.*, 753 F.2d 1056, 1058, 224 USPQ 749, 751 (Fed. Cir. 1985); TMEP §1207.01(b)(viii), (c)(ii). Descriptive or generic matter is typically less significant or less dominant in relation to other wording in a mark. *See In re Chatam Int'l Inc.*, 380 F.3d 1340, 1342-43, 71 USPQ2d 1944, 1946 (Fed. Cir. 2004); *In re Binion*, 93 USPQ2d 1531, 1534 (TTAB 2009).

In the present case, the attached evidence shows that the wording BOOKS in the applied-for mark is merely descriptive in relation to or generic for applicant's goods and services. Thus, this wording is less significant in terms of affecting the mark's commercial impression, and renders the wording BLUSHING the more dominant, source-indicating element of the mark.

The average consumer would retain a general impression of the mark and would believe the goods and services come from the same source.

<u>Comparison of the Goods and services</u>

The goods and services of the parties need not be identical or directly competitive to find a likelihood of confusion. *See Safety-Kleen Corp. v. Dresser Indus., Inc.*, 518 F.2d 1399, 1404, 186 USPQ 476, 480 (C.C.P.A. 1975); TMEP §1207.01(a)(i). Rather, it is sufficient to show that because of the conditions surrounding their marketing, or because they are otherwise related in some manner, the goods and services would be encountered by the same consumers under circumstances such that offering the goods and services under confusingly similar marks would lead to the mistaken belief that they come from, or are in some way associated with, the same source. *In re Iolo Techs., LLC*, 95 USPQ2d 1498, 1499 (TTAB 2010); *see In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 1566-68, 223 USPQ 1289, 1290 (Fed. Cir. 1984); TMEP §1207.01(a)(i).

The applicant's services comprise "multimedia publishing of books, magazines, journals, software, games, music, and electronic publications."

The services in Registration No. 3990219 comprise romance novels.

The services in Registration No. 3439056 comprise "magazines devoted to women and women's issues."

The services in Registration No. 3850583 comprise "providing an Internet website featuring non-downloadable publications in the nature of articles in the fields of beauty, fashion, celebrity, health and fitness, entertainment, family and children, pets, dieting, and cooking and recipes; Online journals, namely, blogs, featuring information regarding beauty, fashion, celebrity, health and fitness, entertainment, family and children, pets, dieting, and cooking and recipes."

It is common for publishers to also provide the goods they publish under the same mark. The attached Internet evidence consists of webpages found using the Google® search engine showing books are published, searched for and sold under a publishers mark. This evidence establishes that the same entity commonly produces and provides the relevant goods and services and markets the goods and services under the same mark and the relevant goods and services are sold or provided through the same trade channels and used by the same classes of consumers in the same fields of use. Therefore, applicant's and registrant's goods and services are considered related for likelihood of confusion purposes. *See, e.g., In re Davey Prods. Pty Ltd.*, 92 USPQ2d 1198, 1202-04 (TTAB 2009); *In re Toshiba Med. Sys. Corp.*, 91 USPQ2d 1266, 1268-69, 1271-72 (TTAB 2009).

Evidence obtained from the Internet may be used to support a determination under Trademark Act Section 2(d) that goods and services are related. *See, e.g., In re G.B.I. Tile & Stone, Inc.*, 92 USPQ2d 1366, 1371 (TTAB 2009); *In re Paper Doll Promotions, Inc.*, 84 USPQ2d 1660, 1668 (TTAB 2007).

The trademark examining attorney has also attached evidence from the USPTO's X-Search database consisting of a number of third-party marks registered for use in connection with the same or similar goods and services as those of both applicant and registrant in this case. This evidence shows that the goods and services listed therein, multimedia publishing services and novels, magazines or articles, are of a kind that

may emanate from a single source under a single mark. *See In re Anderson*, 101 USPQ2d 1912, 1919 (TTAB 2012); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988); TMEP §1207.01(d)(iii).

Accordingly, in view of the highly similar nature of the goods and services of the parties and the strong similarity of the marks and their commercial impressions, confusion as to the source of the goods and services is likely under Section 2(d) of the Trademark Act.

**Informality**

Although the examining attorney has refused registration, applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.  If applicant chooses to respond to the refusal to register, applicant must also respond to the following informality.

**Disclaimer Statement**

Applicant must disclaim the descriptive wording "BOOKS"  apart from the mark as shown because it merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's  services. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); *In re Steelbuilding.com*, 415 F.3d 1293, 1297, 75 USPQ2d 1420, 1421 (Fed. Cir. 2005); TMEP §§1213, 1213.03(a).

Specifically, the attached evidence from an online dictionary shows this wording means "a set of written, printed, or blank sheets bound together into a volume."  Therefore, the wording merely describes a feature of the applicant's  services, namely, that the applicant is providing publishing services that include books as identified in the recitation of services.

Applicant may submit the following standardized format for a disclaimer:

> **No claim is made to the exclusive right to use "BOOKS" apart from the mark as shown.**

TMEP §1213.08(a)(i); *see In re Owatonna Tool Co.*, 231 USPQ 493 (Comm'r Pats. 1983).

A "disclaimer"  is a statement in the application record that applicant does not claim exclusive rights to an unregistrable component of a mark; a disclaimer of unregistrable matter does not affect the appearance of the mark or physically remove disclaimed matter from the mark. *See Schwarzkopf v. John H. Breck, Inc.*, 340 F.2d 978, 978, 144 USPQ 433, 433 (C.C.P.A. 1965); TMEP §1213. An unregistrable component of a mark includes wording and designs that are merely descriptive of an applicant's  services. 15 U.S.C. §1052(e); *see* TMEP §§1209.03(f), 1213.03 *et seq.*  Such words or designs need to be freely available for other businesses to market comparable goods or services and should not become the proprietary domain of any one party. *See Dena Corp. v. Belvedere Int'l,  Inc.*, 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed. Cir. 1991); *In re Aug. Storck KG*, 218 USPQ 823, 825 (TTAB 1983).

If applicant does not provide the required disclaimer, the USPTO may refuse to register the entire mark. *See In re Stereotaxis Inc.*, 429 F.3d 1039, 1041, 77 USPQ2d 1087, 1089 (Fed. Cir. 2005); TMEP §1213.01(b).

**Closing Information**

For this application to proceed toward registration, applicant must explicitly address each refusal and/or requirement raised in this Office action.  If the action includes a refusal, applicant may provide arguments and/or evidence as to why the refusal should be withdrawn and the mark  should register.  Applicant may also have other options for responding to a refusal and should consider such options carefully.  To respond to requirements and certain refusal response options, applicant should set forth in writing the required changes or statements.

If applicant does not respond to this Office action within six months of the issue/mailing date, or responds by expressly abandoning the application, the application process will end, the trademark will fail to register, and the application fee will not be refunded. *See* 15 U.S.C. §1062(b); 37 C.F.R. §§2.65(a), 2.68(a), 2.209(a); TMEP §§405.04, 718.01, 718.02.  Where the application has been abandoned for failure to respond to an Office action, applicant's  only option would be to file a timely petition to revive the application, which, if granted, would allow the application to return to live status. *See* 37 C.F.R. §2.66; TMEP §1714.  There is a $100 fee for such petitions. *See* 37 C.F.R. §§2.6, 2.66(b)(1).

 **TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE:** Applicants who filed their application online using the reduced-fee TEAS Plus application must continue to submit certain documents online using TEAS, including responses to Office actions.  *See* 37 C.F.R. §2.23(a)(1).  For a complete list of these documents, see TMEP §819.02(b).  In addition, such applicants must accept correspondence from the Office via e-mail throughout the examination process and must maintain a valid e-mail address. 37 C.F.R. §2.23(a)(2); TMEP §§819, 819.02(a).  TEAS Plus applicants who do not meet these requirements must submit an additional fee of $50 per international class of goods and services.  37 C.F.R. §2.6(a)(1)(iv); TMEP §819.04.  In appropriate situations and where all issues can be

resolved by amendment, responding by telephone to authorize an examiner's amendment will not incur this additional fee.

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney.  All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response.  *See* 37 C.F.R. §2.191; TMEP §§709.04-.05.  Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights.   *See* TMEP §§705.02, 709.06.


/Kelly F. Boulton/
Trademark Examining Attorney
Law Office 102
571-272-9247
Kelly.Boulton@uspto.gov (informal questions only)


**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

| | |
|---|---|
| **To:** | ABCD Graphics and Design, Inc. (blushingbooks@gmail.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 85897591 - BLUSHING BOOKS - N/A |
| **Sent:** | 7/25/2013 2:09:34 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | |

UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **7/25/2013** FOR U.S. APPLICATION SERIAL NO. 85897591

Your trademark application has been reviewed.  The trademark examining attorney assigned by the USPTO to your application has written an official letter to which you must respond.  Please follow these steps:

**(1)  READ THE LETTER** by clicking on this link or going to http://tsdr.uspto.gov/, entering your U.S. application serial number, and clicking on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2)  RESPOND WITHIN 6 MONTHS** (*or sooner if specified in the Office action*), calculated from **7/25/2013**, using the Trademark Electronic Application System (TEAS) response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions.

**(3)  QUESTIONS** about the contents of the Office action itself should be directed to the trademark examining attorney who reviewed your application, identified below.

/Kelly F. Boulton/
Trademark Examining Attorney
Law Office 102
571-272-9247
Kelly.Boulton@uspto.gov (informal questions only)

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.**  For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:**  Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations.  These companies often use names that

closely resemble the USPTO and their solicitations may look like an official government document.  Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation.  All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."   For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

Side - 1



**NOTICE OF ABANDONMENT**
MAILING DATE: Feb 21, 2014

The trademark application identified below was abandoned in full because a response to the Office Action mailed on Jul 25, 2013 was not received within the 6-month response period.

If the delay in filing a response was unintentional, you may file a petition to revive the application with a fee. If the abandonment of this application was due to USPTO error, you may file a request for reinstatement. Please note that a petition to revive or request for reinstatement **must be received within two months from the mailing date of this notice.**

For additional information, go to http://www.uspto.gov/teas/petinfo.htm. If you are unable to get the information you need from the website, call the Trademark Assistance Center at 1-800-786-9199.

| | |
|---|---|
| **SERIAL NUMBER:** | 85897591 |
| **MARK:** | BLUSHING BOOKS |
| **OWNER:** | ABCD Graphics and Design, Inc. |

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS MAIL
U.S POSTAGE
PAID

ABCD GRAPHICS AND DESIGN, INC.
977 SEMINOLE TRL # 233
CHARLOTTESVILLE , VA   22901-2824