UNITED STATES DISTRICT COURT
For the
Western District of Oklahoma

QUILL INK BOOKS LIMITED, a foreign corporation,
*Plaintiff*

v.

ABCD GRAPHICS AND DESIGN d/b/a Blushing Books, et al.
*Defendant*

Civil Action No. CIV-18-920-G

**REPLY IN SUPPORT OF DEFENDANT BLUSHING BOOKS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT DUE TO LACK OF PERSONAL AND GENERAL JURISDICTION, AND IMPROPER VENUE**

COMES NOW the Defendant, ABCD Graphics and Design, Inc. d/b/a Blushing Books ("Blushing Books"), by and through the undersigned, and respectfully submits this Reply to Plaintiffs' Response [Doc. 21] to Blushing Books Response to Complaint [Doc. 19].

**I. Background and Summary of Defendant Blushing's Position**

Plaintiff, Quill Ink Books Limited ("Quill"), an English corporation, filed this lawsuit in Oklahoma against Rachelle Soto, an individual citizen of Virginia, and Blushing Books, a publishing corporation, also based in Virginia. Neither Defendant Soto or Defendant Blushing has engaged in any conduct that would support personal jurisdiction in Oklahoma. Plaintiff argues that, because one of the takedown notices that Blushing filed with Barnes and Noble ultimately was channeled by Barnes and Noble into a third party company (Draft2Digital) located in Oklahoma, Defendants have subjected themselves to jurisdiction in Oklahoma. Defendant strongly disagrees, and reiterates that traditional notions of fair play and substantial justice weigh against a finding of personal jurisdiction in Oklahoma. Moreover, venue is improper for all of the reasons cited in Defendant's Response. Defendant Blushing further addresses and objects to Plaintiff's notion that, because Blushing raised a Motion to Dismiss for Lack of Jurisdiction within the same pleading as filing substantive responses

to the lawsuit, Blushing somehow waived the issue, or consented to jurisdiction. Blushing renews its position that this Court should grant Defendant Blushing's Motion to Dismiss.

## II. Blushing Books has Preserved its Jurisdictional Objections

Plaintiff states in its Response in Opposition to Motion that "Blushing's motion to dismiss should be stricken from its pleading as untimely." (Pls.' Resp. [Doc. 21] at 6.) Plaintiff seems to imply that Blushing waived jurisdictional issues by providing a substantive answer to the allegations. Defendant disagrees, and cannot find any authority dictating that jurisdictional challenges combined with substantive answers somehow nullify the entire pleading and the requests for relief therein as "untimely." Id.

The basis of Plaintiffs' argument presumably revolves around the following sentence in Rule 12(b): "A motion asserting any of these defenses [including lack of personal jurisdiction] must be made before pleading if a responsive pleading is allowed." However, by looking only at that language, Plaintiffs misconstrue Rule 12(b). Contrary to Plaintiffs' assertion, defenses such as lack of personal jurisdiction must be asserted in a responsive pleading (e.g. an Answer) **or they may be asserted in a motion**:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> …
> (2) lack of personal jurisdiction;
> …
> A motion asserting any of these defenses must be made before pleading if a
> responsive pleading is allowed.

Fed. R. Civ. P. 12(b) (emphasis supplied); F.D.I.C. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992) ("Objections to personal jurisdiction … must be asserted in the answer or in a pre-answer motion." (emphasis supplied)).

Likewise, Plaintiffs do not address Rule 12(h)(1)(B), which specifically addresses when some defenses, including lack of personal jurisdiction, may be raised. As the U.S. District Court for the Northern District of Oklahoma has explained:

> "Rule 12(h)(1) states that a personal jurisdiction defense must be asserted in a pre-answer motion, if one is made, **or pled in the answer, if no pre-answer motion is filed**. Rule 12(h)(1) does not … require the filing of a preanswer motion to preserve any of the defenses listed in the rule. Rather the defenses listed in Rule 12(h)(1), such as lack of personal jurisdiction, must be asserted either in a pre-answer motion **or in the answer**." Tesh v. U.S. Postal Service, 215 F. Supp. 2d 1220, 1226 (N.D. Okla. 2002) (emphasis supplied).

In the same vein, a motion is not a prerequisite to assert and preserve a jurisdictional defense that is already set forth in a responsive pleading. Blushing Books has complied with Rule 12(b) by asserting its objection to personal jurisdiction in its *Response to Complaint*. (Def. Resp. [Doc. 19].) In this case, Blushing Books' objection to personal jurisdiction was plainly set forth as a concurrent Motion to Dismiss within its Response. Under Rule 12(b) and Rule 12(h), Blushing Books has properly asserted and has not waived its objection to personal jurisdiction by additionally providing contemporaneous denials to Quill's claims. Further, Rule 12(h) gives a defendant the right to raise the defense of lack of personal jurisdiction, along with the defenses of improper venue, improper process, and improper service of process, in a pre-answer motion **or in the answer, whichever is filed first**.

Moreover, Rule 12(b)'s state counterpart in the Oklahoma Pleading Code, which states a defense of lack of personal jurisdiction "shall be asserted in the responsive pleading," Okla. Stat. tit. 12 § 2012(B) (emphasis supplied), not sequentially as Plaintiffs suggest, (Pls.' Resp [Doc. 21] at 10), wherein they cite an Ohio case for this proposition.

Because Blushing is already at a supreme logistical and arguably unconstitutional disadvantage given the venue selected by Quill, a foreign corporation, Blushing has a significant interest in resolving these issues efficiently and with expediency, thus giving rise to the decision to

include both jurisdictional challenges and substantive answers within the initial pleading. Blushing understands the court will need to address jurisdictional arguments before reaching the merits of the case.

It is not Blushing's intention to move forward with this litigation in Oklahoma, to waive jurisdictional defects, or to consent to the jurisdiction of this court. Further, the jurisdictional challenges advanced by Blushing are pretrial motions, not strict affirmative defenses, as Plaintiff suggests. This Court should resolve this baseline question in the interests of due process and judicial efficiency before the matter moves forward.

### III. Plaintiff has Shown no Sufficient Basis for this Court to Exercise Jurisdiction Over Defendants

The burden of proof rests with the Plaintiff to establish jurisdiction. Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011). Here, even viewing the assertions in the light most favorable to Quill, they cannot meet that burden.

Draft2Digital is a "middleman" that Quill books retained to publish their books to multiple venues so they did not have to go through the trouble, paperwork, and inconvenience of opening accounts with those vendors individually, such as Barnes and Noble. But that has nothing to do with Blushing. Blushing filed the DMCA takedown notices with the vendors who are *selling the books*. This does not constitute "purposefully directing [their] activities at residents of the forum." See Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

Although Quill books may have done business with Draft2Digital, an Oklahoma company, as an "aggregator", Blushing Books/Soto never did business with Draft2Digital and never filed any DMCA takedown notices with Draft2Digital.

When Blushing reviews a listing on Barnes and Noble, they have no way of knowing if the publisher has their own account (as Blushing does) or if the book is posted there via an aggregator.

To the consumer, the entries look the same. The *only* notices filed to Draft2Digital in Oklahoma were filed *by* Barnes and Noble and Kobo.

The 10th Circuit has held that that the posting of allegedly defamatory comments or information on an internet site, without more, does not subject the poster to personal jurisdiction wherever the posting could be read or the subject of the posting may reside. Forte Supply, LLC v. Mojo Frozen Yogurt, LLC, 2013 WL 5477165 (2013) citing Schrader v. Biddinger, 633 F.3d 1235, 1241 & 1244 (10th Cir. 2011). The plaintiff's residence in the forum, and suffering harm there, standing alone, are also insufficient. Id. at 1244. Instead, the courts look "to indications that a defendant deliberately directed its message to an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state," id. at 1241, or "otherwise [made] the forum state the focal point of the message," id. at 1244. In other words, "*the forum state itself must be the focal point of the tort*." Id. at 1244 (italics in original). This type of analysis applies to the case at issue.

To summarize, Blushing Books filed *written notices* to New York (where Barnes and Noble is incorporated), and Washington State (where Amazon is incorporated), and *online notices* to two companies based in California (Apple and Google Play) and one in Toronto, Canada (Rakuten Kobo). Any contact with Direct2Digital (and therefore, Oklahoma) happened squarely at the behest of Barnes and Noble.

**IV. Exercising Personal Jurisdiction over Blushing Books Would Not Be Consistent with Traditional Notions of Fair Play and Substantial Justice**

Contrary to Plaintiff's assertion, the exercise of jurisdiction over Defendants would run afoul of traditional notions of fair play and substantial justice. See OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1095 (10th Cir. 1998) (citing Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cty., 480 U.S. 102, 113 (1987)).

Fair play factors are to be evaluated independently of the minimum contacts analysis.

For instance, in OMI Holdings, 149 F.3d at 1096, the Tenth Circuit concluded that it was a violation of due process for Kansas to exercise personal jurisdiction over a defendant, even though the court had just determined that the defendant had sufficient minimum contacts with the state, because the fair play factors weighed against doing so. In its reasoning, the OMI court noted the "significant" burden on the defendant in having to litigate in a state far away from home. The court stated that the defendant, an insurance company, "maintain[ed] no offices in Kansas, employ[ed] no agents in Kansas, and insure[d] no Kansas residents." Id. at 1096. The court concluded that the burden-on-the-defendant factor weighed heavily in the defendant's favor, even though it had already determined that the defendant had minimum contacts with the State of Kansas. Id. Similarly, even if this Court determines that the Blushing Books has sufficient minimum contacts with the State of Oklahoma, it should evaluate the burden on them independently of that conclusion, and in doing so, find that the burden to travel back and forth between Oklahoma and Virginia in order to litigate this case would be extreme and substantial.

Contrary to Quill's assertion, the second factor also weighs in favor of Defendants since no party to this lawsuit is a resident of Oklahoma. In OMI, the court weighed this factor in favor of the defendant because neither party to the suit was a resident of Kansas. Id. ("We have little trouble concluding that this factor weighs heavily in favor of Defendants. Neither Plaintiff nor Defendants are Kansas residents.").

The third factor, the plaintiff's interest in receiving convenient and effective relief, also weighs in favor of the Virginia Defendants because there is no meaningful difference between this case being tried in Oklahoma versus Virginia because this case hinges on a claim under federal law—misrepresentation under 17 U.S.C. § 512(f). Thus, there is no competing state law that would be more favorable to Plaintiff in Oklahoma rather than Virginia. Moreover, Plaintiff is a foreign

corporation that will have to travel for this case regardless. In fact, a case in a federal court in Virginia would be a more convenient forum for Plaintiff, at least in terms of travel.

Further contrary to Plaintiff's contentions, the fourth factor, the interstate judicial system's interest in obtaining the most effective resolution of the controversies, weighs in favor of dismissal based on the location of witnesses. OMI, 149 F.3d at 1097. The two of the most important witnesses in this suit are Defendant Soto and representatives of Blushing Books responsible for sending the takedown notice, all of whom are located in Virginia. Plaintiff does not even try to dispute this fact, but rather claims that "regardless of the forum, the parties will be required to travel." Doc. No. 21, at 19. But that is not true. Rather, Plaintiff, as an English corporation even further East than Virginia, will be required to travel regardless of the forum. Defendant Soto and Defendant Blushing, however, would not have to travel if the case was transferred to Virginia.

To conclude, analyzing the fair play prongs demonstrates the prejudice to Defendants (and all parties, frankly) of being forced to litigate this case in Oklahoma, and demonstrates the impropriety of Oklahoma as a venue. Staging litigation hundreds of miles away from the residence of the closest party to the case presents substantial inconvenience and hardship. "Venue, which connotes locality, serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1576 (Fed. Cir. 1990); (28 U.S. Code § 1391 and 28 U.S. Code § 1400(b)).

**CONCLUSION AND REQUEST FOR RELIEF**

Neither the facts nor the pleadings support personal jurisdiction of Defendants in Oklahoma. Even assuming that court finds jurisdiction, forcing Defendants to litigate this case in a

forum hundreds of miles away from where any part of record is domiciled offends notes of fair play and substantial justice. For the reasons outlined herein, and further outlined in previous pleadings, Defendant Blushing renews its request to dismiss this matter.

Date: December 31st, 2018

Respectfully Submitted,
*/s/ Rebecca Briggs,*
**Rebecca Briggs,** #40626 (CO) & #91362 (VCC)
(Also licensed in Federal Western District of Oklahoma)
Attorney for ABCD GRAPHICS AND DESIGN/Blushing Books
The Law Office of Becky Briggs, LLC
315 Colorado Ave, Pueblo, CO 81003
Phone: (434) 989-0847 Fax: (970) 826-7050
E-mail: beckybriggslaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of December, 2018, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Gideon A. Lincecum glincecum@holladaychilton.com
Dylan D. Erwin derwin@holladychilton.com
Shawn Dellegar, shawn.dellegar@crowedunlevy.com

*/s/ Rebecca Briggs,*
**Rebecca Briggs,** #40626 (CO) & #91362 (VCC)