IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) QUILL INK BOOKS LIMITED, a foreign corporation, and<br><br>    Plaintiff,<br><br>v.<br><br>(1) ABCD GRAPHICS AND DESIGN, INC., D/B/A BLUSHING BOOKS PUBLISHING, a foreign corporation,<br>(2) RACHELLE SOTO a/k/a ADDISON CAIN, an individual, and<br>(3) JOHN and JANE DOE, unknown individuals and online participants,<br><br>    Defendants. | Case No.: CIV-18-920-G |

**PLAINTIFF QUILL INK BOOKS LIMITED'S MOTION TO STRIKE REPLY OF DEFENDANT ABCD GRAPHICS AND DESIGN, INC. D/B/A BLUSHING BOOKS PUBLISHING**

Plaintiff Quill Ink Books Limited ("Quill") submits the following motion to strike the *Reply in Support of Defendant Blushing Books' Motion to Dismiss Plaintiff's First Amended Complaint Due to Lack of Personal and General Jurisdiction, and Improper Venue* (the "Reply") [Dkt. No. 25] filed by ABCD Graphics and Design, Inc. d/b/a Blushing Books Publishing ("Blushing") on December 31, 2018. In support of this Motion, Quill states as follows:

## RELEVANT FACTUAL BACKGROUND

1. On November 26, 2018, Blushing filed *Defendant's Response to Complaint* [Dkt. No. 19], wherein they improperly included a *Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue* (the "Motion to Dismiss") [Dkt. No. 19].

2. On December 12, 2018, Blushing filed *Defendant Blushing Books' Motion for Extension of Time to File JSR and Motion to Continue Status Conference* (the "Motion for Extension") [Dkt. No. 20].

3. In the Motion for Extension, Blushing alleges "[c]ounsel for Defendant Blushing Books will be traveling in Asia from December 25, 2018 until January 14th, 2019". *Id.* at ¶ 1.

4. On December 17, 2018, Quill timely filed its response and objection to the Motion to Dismiss (the "Response") [Dkt. No. 20].

5. On December 31, 2018, at 2:49 a.m. local time, Blushing filed the Reply out of time.

## LEGAL AUTHORITY AND ARGUMENT

Under LCvR7.1(i), the filing of a reply brief is "optional and *not encouraged.*" LCvR7.1(i). "[A] reply to a new matter raised in the response may be filed within 7 days after the date the response was filed." *Id*. For purposes of calculating time, Fed. R. Civ. P. 6(a)(1)(c) states: "[w]hen the period [for filing] is stated in days or a longer unit of time…include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."

Fed. R. Civ. P. 6(b) provides litigants with the procedure for requesting an extension of time for filing any given pleading. "When an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P 6(b)(1)(B).

### I.  BLUSHING'S REPLY WAS FILED OUT OF TIME AND SHOULD BE STRICKEN.

As articulated in the Relevant Factual Background, *supra*, Quill filed the Response on December 17, 2018. Pursuant to LCvR7.1(i), that would have placed Blushing's deadline to file the Reply on December 24, 2018. However, as the Office of the Court Clerk was closed on December 24, 2018 and December 25, 2018, Fed. R. Civ. P. 6(a)(1)(c) dictates that the filing deadline for the Reply was **midnight on December 26, 2018.**[1]

Blushing did not file the Reply until December 31, 2018 at 2:49 a.m. local time. As the Reply was filed five (5) days out of time, and as Blushing did not seek an extension from this Court, the Reply must be stricken.

### a. Blushing's failure to file a timely reply was not the result of excusable neglect.

Quill anticipates that Blushing may attempt to employ the procedural vehicle described in Fed. R. Civ. P. 6(b)(1)(B) to request that the Court retroactively allow the Reply to stand despite having been filed out of time. Should that motion be proffered by Blushing, the Court should deny the same – as the failure to file was not the result of excusable neglect.

---

[1] For purposes of Blushing's anticipated counterargument, it is worth noting that despite the holiday, Defendant Soto was able to file a timely reply [Dkt. No. 24] to Quill's Response.

3

For purposes of Fed. R. Civ. P. 6(b)(1)(B), "'[e]xcusable neglect' has been degined as 'inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control.'" *Morrison v. Anadarko Petroleum Corp.*, 2011 U.S. Dist. LEXIS 69890, *3 (W.D. Okla. 2011) (*citing Panis v. Mission Hills Bank, N.A.,* 60 F.3d 1486, 1494 (10th Cir. 1995)). Moreover, some factors for the Court to consider when assessing an assertion of excusable neglect include "[1] the danger of prejudice to the [nonmoving] party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith". *Wickware v. Manville*, 2015 U.S. Dist. LEXIS 1898, *3 (W.D. Okla. 2015) (*citing United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). Although the Court may consider all four factors, "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Id.*

In this case, the fault in the delay clearly rests entirely on Blushing. Not only was the Reply filed over a week before counsel for Blushing was leaving for Asia, but it would appear that counsel's travel plans do not impair her of the ability to file pleadings in this case. Blushing has already received multiple extensions and/or continuances. Should Blushing choose to file a motion under Fed. R. Civ. P. 6(b)(1)(B), the Court must deny the same.

## **CONCLUSION**

It is undisputed that Blushing filed the Reply out of time. As such, this Court should strike the Reply. However, if Blushing chooses to file a motion to file the reply out of time

4

pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court should deny the same as there is no combination of circumstances that could support an assertion by Blushing of excusable neglect.

WHEREFORE, for the reasons stated herein, Quill prays that the Court strike the *Reply in Support of Defendant Blushing Books' Motion to Dismiss Plaintiff's First Amended Complaint Due to Lack of Personal and General Jurisdiction, and Improper Venue* filed by Blushing, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

s/ *Dylan D. Erwin*
Gideon A. Lincecum, OBA No. 19674
Dylan D. Erwin, OBA No. 31987
HOLLADAY & CHILTON, PLLC
204 North Robinson, Suite 1550
Oklahoma City, OK 73102
Telephone:  (405) 236-2343
Facsimile:   (405) 236-2349
Email:  glincecum@holladaychilton.com
           derwin@holladaychilton.com

**ATTORNEYS FOR PLAINTIFF
QUILL INK BOOKS LIMITED**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 31st day of December, 2018, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

**Rebecca L Briggs**
beckybriggslaw@gmail.com

**Shawn M. Dellegar**
shawn.dellegar@crowedunlevy.com, carol.welch@crowedunlevy.com, ECFT@crowedunlevy.com, tammy.shaddox@crowedunlevy.com

**Deric McClellan**
deric.mcclellan@crowedunlevy.com, pat.george@crowedunlevy.com, ecft@crowedunlevy.com

**Gideon A Lincecum**
glincecum@holladaychilton.com, cburgess@holladaychilton.com, ECF_Service@holladaychilton.com

**Dylan D Erwin**
derwin@holladaychilton.com, lspencer@holladaychilton.com, ecf_Service@holladaychilton.com


                *s/ Dylan D. Erwin*
                Dylan D. Erwin