UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUILL INK BOOKS LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-920-G |
| | ) |
| ABCD GRAPHICS AND DESIGN | ) |
| INC., d/b/a BLUSHING BOOKS | ) |
| PUBLISHING et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendant ABCD Graphics and Design Inc. d/b/a Blushing Books Publishing's ("Blushing Books") Answer/Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. No. 19). Plaintiff has responded (Doc. No. 21), and Blushing Books has replied (Doc. No. 25). Also before the Court is Plaintiff's Motion to Strike Blushing Book's Reply in Support of its Motion to Dismiss (Doc. No. 26).

On November 26, 2018, Blushing Books submitted a filing titled "Defendant's Response to Complaint,"[1] which was divided into a section titled "Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue," in which it moved the Court for dismissal, *see* Doc. No. 19 at 2-7, and a section titled "Substantive Response," in which Blushing Books provided its Answer to Plaintiff's Complaint, *see id.* at 7-21. On

---

[1] Blushing Books erroneously filed this document in the Court's electronic filing system as a Reply and a Response to the Complaint. *See* Doc. No. 19. Counsel for Blushing Books is advised that she is required under *ECF Policies and Procedures Manual*, § II.E to notify the Court Clerk's Office of all filing errors.

December 17, 2018, Plaintiff filed a response objecting that Blushing Books' combined Answer and Motion to Dismiss violates Federal Rule of Civil Procedure 12(b): "A motion asserting any of [the Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see* Doc. No. 21 at 16-17. Blushing Books submitted its Reply on December 31, 2018.

As an initial matter, the deadline for Blushing Books to file a reply was December 26, 2018—*i.e.*, seven days after the submission of Plaintiff's Response on December 17, 2018, excluding weekends and legal holidays. *See* L.Cv.R. 7.1(i) ("[A] reply to a new matter raised in the response may be filed within 7 days after the date the response was filed."); Fed. R. Civ. P. 6(a)(1)(c). Because Blushing Books' Reply was untimely filed, the Court determines that Plaintiff's Motion to Strike Blushing Book's Reply in Support of its Motion to Dismiss (Doc. No. 26) should be granted.

In its Response, Plaintiff objects that Blushing Books' omnibus filing improperly combines its Answer and Motion to Dismiss in violation of Rule 12(b) of the Federal Rules of Civil Procedure. Plaintiff requests that the Court strike the portion of the document purporting to move for dismissal. *See* Doc. No. 21 at 16-17.

The Court agrees that the Federal Rules of Civil Procedure do not contemplate a combined answer and motion to dismiss. *See* Fed. R. Civ. P. 12(b) (directing that a Rule 12(b) motion be filed, if at all, prior to the responsive pleading); *see, e.g., Gambrel v. Knox Cty., Ky.*, No. 17-184-DLB, 2018 WL 1457296 (E.D. Ky. Mar. 23, 2018); *Hand v. Houk*, No. 2:07-cv-846, 2008 WL 5378358 (S.D. Ohio Dec. 23, 2008). A defendant must assert its Rule 12(b) defenses within its responsive pleading if it chooses not to first move the

court for dismissal based upon those defenses; however, a defendant may not move the Court for dismissal based upon a Rule 12(b) defense within the responsive pleading itself. The Court finds, however, that the interests of justice are better served by striking the improper filing altogether and directing that Blushing Books answer or otherwise respond by a date certain.

## CONCLUSION

Accordingly, the Court hereby:

(1) GRANTS Plaintiff's Motion to Strike Reply (Doc. No. 26) and STRIKES the Reply in Support of Defendant Blushing Books' Motion to Dismiss Plaintiff's First Amended Complaint Due to Lack of Personal and General Jurisdiction, and Improper Venue (Doc. No. 25);

(2) STRIKES Defendant Blushing Books' Answer/Motion to Dismiss (Doc. No. 19); and

(3) DIRECTS that Defendant Blushing Books may properly answer or otherwise respond to Plaintiff's Amended Complaint on or before February 17, 2019.[2]

IT IS SO ORDERED this 8th day of February, 2019.

CHARLES B. GOODWIN
United States District Judge

---

[2] On February 6, 2019, the Court held a Status and Scheduling Conference in which counsel for all parties appeared. The matter of Blushing Books' improper filing was discussed, and the parties did not object to the Court providing Blushing Books the opportunity to refile.