# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUILL INK BOOKS LIMITED,<br>a foreign corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. CIV-18-920-G |
| ABCD GRAPHICS AND DESIGN,<br>INC., d/b/a BLUSHING BOOKS<br>PUBLISHING, a foreign corporation,<br>et al., | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Plaintiff's Motion to Dismiss the Counterclaim of Defendant ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing (Doc. No. 35). Defendant has not responded to the Motion within the time allowed. *See* LCvR 7.1(g).

### BACKGROUND

In this lawsuit, Plaintiff brings claims of copyright misuse, misrepresentation of copyright claims under the Digital Millennium Copyright Act, negligence, tortious interference with economic advantage, tortious interference with contract or business relations, defamation, false light, and civil conspiracy. Am. Compl. (Doc. No. 6) ¶¶ 1, 66-112. On February 17, 2019, Defendant filed its Answer (Doc. No. 32), in which it asserted as a counterclaim that Plaintiff's lawsuit was causing it to suffer logistical hardships and to incur legal fees, costs, and other expenses. *See* Answer ¶¶ 76-79. Plaintiff's

uncontested Motion seeks dismissal of this counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

Defendant's counterclaim provides, in relevant part,

> [I]t is extremely difficult if not impossible for anyone to gauge how and to what extent Plaintiff filing this lawsuit has harmed Blushing Books. What is objective, quantifiable, and verifiable are the losses Defendant has incurred defending this meritless lawsuit. At this point, Defendant estimates that figure to be in the area of $11,500 in legal fees, loss of wages, filing fees, and various other extraneous expenses. Further, even having an established presence, reputation, and relative success in the online romance world, Blushing Books is a tiny company in southern Virginia that does not possess an infinite amount of financial resources. Forcing Blushing Books to defend against a federal lawsuit, (particularly one involving such vague and unsubstantiated claims) in a foreign jurisdiction places undue financial and logistical hardship on this small publishing entity.
>
> The lawsuit is particularly troubling and unacceptable given the amount of money actually at issue as a result of the takedown notices being filed. For example, Defendant is fully aware of sales of other authors['] books, through various tracking tools only available to Publishers. Across dozens of titles Defendant tracks correlation of sales ranks to sales (on Amazon) and also is well-aware that sales on the secondary vendors remain[] a surprisingly consistent percentage of Amazon sales. Based on these metrics, Defendant can state with confidence that the actual LOSS OF SALES[] related damages in this case is likely less than $2000.00 and may be less than $1000.00.
>
> This is not a matter that ever needed to be brought to court given factual circumstances giving rise to the claim, in addition to the minimal amount of lost sales. . . . Defendant is forced to file this counterclaim in an attempt to mitigate further financial injury pursuant to [Okla. Stat. tit. 12, § 2013].

*Id.* ¶¶ 77-79.

To survive Plaintiff's Rule 12(b)(6) motion, the factual allegations set forth in this counterclaim must suffice "to raise a right to relief above the speculative level on the

assumption that all the allegations in the [counterclaim] are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Entek GRB, LLC v. Stull Ranches, LLC*, No. 11-cv-01557-PAB-KLM, 2012 WL 4478808, at *1 (D. Colo. Sept. 28, 2012) ("A Rule 12(b)(6) motion to dismiss a counterclaim is evaluated under the same standard as a Rule 12(b)(6) motion to dismiss a claim." (citing *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1261 (10th Cir. 2003))). Bare legal conclusions are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Pursuant to the local rules of this Court, Defendant's failure to respond permits the Court, at its discretion, to deem the Motion confessed. *See* LCvR 7.1(g). The Tenth Circuit has instructed, however, that before exercising such discretion a district court should consider three factors—"(1) the degree of actual prejudice to the [nonmovant]; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant"—and weigh these factors against "the judicial system's strong predisposition to resolve cases on their merits." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (alteration and internal quotation marks omitted). Because in this action it is equally efficient to consider the merits of Plaintiff's Motion, the Court declines to deem the Motion confessed.

Having reviewed Defendant's counterclaim, the Court agrees with Plaintiff that Defendant's allegations of "undue financial and logistical hardship" caused by this

3

litigation fail to state a cognizable claim for relief. Answer ¶ 77. "As a general matter, . . . [it is] indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988). While a prevailing party may seek recovery of costs and, when applicable, attorney's fees after the entry of judgment, *see* Fed. R. Civ. P. 54; LCvR 54.1, 54.2, incurring such expenses while litigating an action does not give rise to an independent claim for relief.

Defendant does not attempt to tie its allegations of hardship to any cognizable cause of action, and the Court can discern no ripe claim to which such allegations could plausibly give rise. *See, e.g.*, *Ashley Creek Phosphate Co.*, 315 F.3d at 1265-68 (finding that a counterclaim for wrongful use of civil proceedings alleging only that the litigation had "caus[ed] large expense in fees and costs" was deficient on its face and noting that such a claim is not ripe "until the underlying proceedings are terminated in favor of the person against whom they are brought" (internal quotation marks omitted)).

Accordingly, Plaintiff's Motion to Dismiss the Counterclaim of Defendant ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing (Doc. No. 35) is GRANTED. This counterclaim is hereby dismissed without prejudice for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED this 19th day of July, 2019.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge