UNITED STATES DISTRICT COURT
For the
Western District of Oklahoma

| | |
|---|---|
| QUILL INK BOOKS LIMITED, a foreign corporation,<br>    *Plaintiff*<br><br>    v.<br>ABCD GRAPHICS AND DESIGN<br><u>Blushing Books, et al.</u><br>    *Defendant* | )<br>)<br>)<br>) Civil Action No. CIV-18-00920-G<br>)<br>)<br>)<br>) |

## DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

    Defendant ABCD GRAPHICS AND DESIGN ("ABCD Graphics") pursuant to the Federal Rules of Civil Procedure, request that Plaintiff answer in writing and under oath the Interrogatories[1] and respond to the Requests for Production of Documents and Requests for Admission within thirty (30) days of receipt hereof.
    Notice is hereby given that the interrogatories hereinafter set forth are continuing to the time of trial. If any additional, contrary, or supplemental information is made available to Plaintiff, their agents or representatives, supplemental answers to these interrogatories shall be required.

## DEFINITIONS AND INSTRUCTIONS

1.     Please restate each interrogatory, request for production, and request for admission before each response. Please give separate responses to each interrogatory or request.

2.     All reference to your claims or allegations are to those set forth in your Amended Complaint and Jury Demand ("Complaint").

3.     "Describe," with respect to a communication, act, or conduct, means to give,

---

[1] The Interrogatories herein, in some instances, include non-discrete subparts that are "logically or factually subsumed within and necessarily related to the primary question" and as such do not count toward the interrogatory limit. See <u>Leaffer v. Zarlengo</u>, 44 P.3d 1072, 1075 (Colo. 2002). <u>See also Kendall v. GES Exposition Servs., Inc.</u>, 174 F.R.D. 684, 685 (D. Nev. 1997) ("the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question"). If there is a disagreement regarding whether a subpart is discrete or non-discrete, please confer with undersigned counsel for clarification to ensure that the subpart is properly structured to be secondary to the primary question and, as such, non-discrete.

state, or identify the following:

- a) The day of the communication, act, or conduct;

- b) Where such communication, act, or conduct took place;

- c) The person(s) present;

- d) If a communication, the words or substance of the communication, the person making each of the particular statements so listed, the mode of communication (e.g., writing, telephone, in person), and the location of each of the participants;

- e) If an act or conduct, the details of the act or conduct being described and what each person participating in such an action or conduct did;

- f) f) The person or persons on whose recollection or response the interrogatory calling for a description is based and the source of that person's knowledge (e.g., personal observation, hearsay; if so, identify from whom);

- g) Any other person or persons having knowledge of the facts given in response to or called for by the interrogatory requesting you to describe the communication, act, or conduct; and

- h) Any document reflecting, embodying, or relating to any communication, act, or conduct described in response to or called for by the interrogatory requesting you to describe the communication, act, or conduct.

4. Words in **BOLDFACE CAPITALS** are defined as follows:

- a) **CONTROVERSY** includes the circumstances and events surrounding the DMCA Takedown Notices giving rise to this action or proceeding.

- b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

- c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

- d) **DOCUMENT** means a writing, as defined in CRE 1001 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, e-mails, text messages, words, pictures, sounds, or symbols, or combinations of them.

- e) **IDENTIFY** when used with regard to a **DOCUMENT** or writing, means to describe the type of **DOCUMENT** or writing (e.g., letter, memorandum, report,

        correspondence, e-mail, etc.), date, addressee, file number and/or identifying symbol, and name and address of its custodian.

    f)    **PLAINTIFF** is, of course, difficult to define properly in this context, because it not clear to Undersigned Counsel who the Plaintiff actually is (see Interrogatories below), despite numerous attempts to uncover this critical information prior to submission of written discovery requests. As a result, it is not possible even to know to whom these interrogatories should properly be addressed.

    g)    **ADDRESS** means the street address, including the city, state, and zip code.

5.    The interrogatories hereinafter set forth are continuing to the time of trial. If any additional, contrary, or supplemental information is made available to **YOU OR ANYONE ACTING ON YOUR BEHALF**, supplemental answers to the interrogatories shall be required.

6.    To the extent that an objection by counsel is anticipated based on undue burden, over-broad, or similar objection, counsel is requested to contact counsel for Defendants to attempt to agree to modification of the interrogatory or request for production to satisfy the objectionable nature of the discovery request.

7.    To the extent privilege is an objection by counsel, please include a privilege log describing the date and name of the communication or **DOCUMENT**, the names of the author(s) and recipient(s) of the communication or **DOCUMENT**, and the number of pages of the communication or **DOCUMENT**.

8.    State the name, address, phone number, and place of employment of all persons assisting with answering these interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1
To the author known as Zoey Ellis: State your full name and any other names you have used or been known by, your date of birth, place of birth, present address, National Insurance number, and relationship to Quill Ink.

### INTERROGATORY NO. 2
Provide a list of all titles, with authors' legal names and publication dates, published by Quill Ink Books since its inception.

### INTERROGATORY NO. 3
Pursuant to Factual allegation #90: Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #90 that "Blushing and Cain's interference caused Plaintiff to suffer economic losses and other damages as set forth herein." Please provide precisely:

    a)    how these damages are calculated;

    b)    by whom;

    c)   how exactly one arrives at the approximately one million dollar sum Plaintiff claims in damages;

    d)   The nature and amount of such losses; and

    e)   The date and the name and ADDRESS of any PERSON having knowledge of these claimed losses.

**INTERROGATORY NO. 4**

Are YOU OR ANYONE ACTING ON YOUR BEHALF contending that Defendants violated any statutes, ordinances, industry standards, or other laws, standards, or regulations that relate to the claims made a subject of your Complaint? If so, please state:

    a)   The citation of such law, standard, or regulation;
    b)   The facts on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such position that Defendant violated such law, standard, or regulation.

**INTERROGATORY NO. 5**

If you have ever had an account or participated, posted, messaged, commented or communicated in any form (including but not limited to status updates, wall comments and postings, profiles, activity streams, blog entries) of or on any social media site, social networking site[2], online forum or blog (hereinafter "social media") from the date of the CONTROVERSY please state:

    a)   The name of the social media or networking site;

    b)   Whether you have deleted anything from the social media site since the CONTROVERSY;

    c)   If you have deleted anything from the social media site. the general subject matter of what was deleted;

    d)   If you have restricted or increased restrictions on access to the social media site;

    e)   The reason for any deletion or restriction of access to the social media site.

**INTERROGATORY NO. 6**

Do YOU OR ANYONE ACTING ON YOUR BEHALF maintain Defendant, individually or through any officer, agent, administrator, or employee, have ever made any statements against interest or admissions of fault in connection with the CONTROVERSY and/or

---

[2] Examples include but are not limited to Facebook, MySpace, Twitter, Linkedin, Google+, Instagram, Flickr, Snapchat, Tumblr, Pinterest, Meetup, MeetMe, Tagged and ClassMates.

allegations made a subject of your Complaint? If YOU OR ANYONE ACTING ON YOUR BEHALF believes Defendant have in some manner, by statement or conduct, admitted wrongdoing, responsibility, or fault, please state:

a) Any conduct that suggests to YOU OR ANYONE ACTING ON YOUR BEHALF some admission of fault, wrongdoing, or legal responsibility for your injuries and/or damages;

b) If statements or admissions were allegedly made, precisely what was said, by whom, when, and to whom such statements were made.

**INTERROGATORY NO. 7**

Provide a full and complete description of the nature of the business of the Plaintiff company, including number of employees and/or contract workers.

**INTERROGATORY NO. 8**

State whether your company does business directly or indirectly within the State of Oklahoma, and, if so, describe in full detail the nature of the business done in the State of Oklahoma, and describe what is done.

**INTERROGATORY NO. 9**

State the name of each department or other operative unit of Quill Ink's Company, setting forth for each department or unit:

a) the name, office address, and title of the officer, manager, or employee in charge; and
b) a brief description of its function.

**INTERROGATORY NO. 10**

Pursuant to Factual allegation #45. Provide any evidence and state all the facts Plaintiff will rely upon to support the allegation in paragraph 45 that defendant ABCD Graphics and Design represented that Author Cain possessed "registered" copyrights. Specifically, with respect to such allegation:

a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**INTERROGATORY NO. 11**

Pursuant to Factual allegation #42. Provide any evidence and state all the facts Plaintiff will rely upon to support the allegation in paragraph 42 of the complaint that Quill Ink Books was the initial publisher of record of any of the first three Books in the MYTH OF OMEGA series, specifically "Crave to Conquer," (January 18, 2018), "Crave to Capture," (March 20, 2018), and "Crave to Claim," (May 23, 2018), and identify all persons having knowledge of such alleged facts.

**INTERROGATORY NO. 12**

Pursuant to Factual allegation #56 and #57. Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs 56 and 57 that ABCD Graphics and Design (including any corporate officer or employee acting on the corporation's behalf) engaged in any public or private act that publicly damaged Plaintiff's reputation, or made any public or private statement whatsoever which harassed or defamed Plaintiff. Specifically, with respect to such allegation:

a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**INTERROGATORY NO. 13**

Pursuant to Factual allegation #58. Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs 58 that Defendant ABCD Graphics and Design (including any corporate officer or employee acting on the corporation's behalf) has a "long standing" practice of manipulating commentary on their own publications and/or used any such techniques to solicit negative reviews and/or commentary on any publication of Zoey Ellis's or Quill Ink Books, Ltd. Specifically, with respect to such allegation:

a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**INTERROGATORY NO. 14**

Pursuant to Factual allegation #59: Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs 59 that Defendant ABCD Graphics and Design (including any corporate officer or employee acting on the corporation's behalf) made claims in any public forum that "shamed" Plaintiff whatsoever, whether "baseless" or otherwise. In addition, provide any evidence that Defendant ABCD Graphics and Design was

1. aware of the existence of an alleged corporation "Quill Ink Books" prior to the filing of DMCA notices;

2. ever made any statement, public or private, regarding Quill Ink Books; and/or

3. that even if these alleged statements do exist that any potential reader was "driven away" from other Quill Ink publications by these statements.

**INTERROGATORY NO. 15**

Pursuant to, inter alia, Factual allegation #60, 61,62, 63: Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #60, 61,62, & 63 that

Defendant ABCD Graphics and Design ever directed Author Cain or anyone else to engage in any sort of social media campaign against Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis, AND provide any evidence that Defendant ABCD Graphics and Design ever released any correspondence publicly concerning this matter. Specifically, with respect to such allegation:

   a)   Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

   b)   IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**INTERROGATORY NO. 16**

Pursuant to Factual allegation #65:  Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #65 that Defendant ABCD Graphics and Design "continued to harass Plaintiff through emails to intimidate, embarrass, and to cause harm." Specifically, with respect to such allegation:

   a)   Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

   b)   IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**INTERROGATORY NO. 17**

Pursuant to Factual allegation #71 and 72:  Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #71 and 72 that Defendant ABCD Graphics and Design's motivation in filing the DMCA takedown notices was intended to stifle competition and / or that Defendant ABCD Graphics and Design has ever filed a DMCA take down notice against another author, within or beyond the Omegaverse Universe. Specifically, with respect to such allegation:

   a)   Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

   b)   IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**INTERROGATORY NO. 18**

Pursuant to Factual allegation #76-81: Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #76-81 Defendant ABCD Graphics and Design did not have a good faith belief that in fact Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis had in fact appropriated a sufficient proportion of Author Cain's work, so that the works could be considered "substantially similar." Specifically, with respect to such allegation:

   a)   Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

   b)   IDENTIFY the name and ADDRESS of every witness who has

knowledge which supports such allegations.

### INTERROGATORY NO. 19

Pursuant to Factual allegation #97- 103.  Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #97-103 that Defendant ABCD Graphics and Design ever made any false and/or defamatory statements concerning Plaintiff or Plaintiff's works (either publicly or privately). Specifically, with respect to such allegation:

- a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

- b) IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

### INTERROGATORY NO. 20

Pursuant to Factual allegation #97- 103.  Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #97-103 that Defendant ABCD Graphics and Design: created and/or contributed to any online forum concerning Plaintiff or Plaintiff's works. Specifically, with respect to such allegation:
- a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

- b) IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

### INTERROGATORY NO. 21

Pursuant to Factual allegation #97- 103.  Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #97-103 that Defendant ABCD Graphics and Design ever made any statement concerning Plaintiff with malice and/or negligent disregard for the truth. Specifically, with respect to such allegation:

- a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

- b) IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

### INTERROGATORY NO. 22

Pursuant to Factual allegation #104-106.  Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #104-106 that Defendant ABCD Graphics and Design has ever knowingly misused copyright remedies to stifle competition. Specifically, with respect to such allegation:

- a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

- b) IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**INTERROGATORY NO. 23**

To Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis: When were you first aware of Addison Cain's Omega trilogy, also known as the Alpha Claim series?

**INTERROGATORY NO. 24**

To Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis: When did you read books in the Alpha Claim series?

**INTERROGATORY NO. 25**

If you claim that ABCD Graphics and Design in any way harmed potential business opportunities, specify:

a) each and every detail and fact upon which you base your claim;

b) the exact date when any person or entity declined to do business with Plaintiff since May of 2018;

c) the name and address of each person or entity who declined to do business with Plaintiff May of 2018; and

d) how Defendant's alleged actions are a proximate cause of Plaintiff's lost opportunities.

## REQUESTS FOR PRODUCTION

**PRODUCTION REQUEST NO. 1**

Pursuant to claimed damages: Please provide precisely how these damages are calculated, by whom, and how exactly one arrives at the approximately one million dollar sum Plaintiff claims in damages. Include the following raw data sources to document lost sales:

1. Eleven original spreadsheets from the Quill Ink Amazon account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications, including:
    a. Amazon.com
    b. Amazon.U.K. (United Kingdom)
    c. Amazon.de (Germany)
    d. Amazon.fr (France)
    e. Amazon.es (Spain)
    f. Amazon.nl (Netherlands)
    g. Amazon.jp (Japan)
    h. Amaon.in (India)
    i. Amazon.mx (Mexico)
    j. Amazon.br (Brazil)
    k. Amazon.it (Italy)

2. Eight original spreadsheets from the iTunes (Apple iBooks) account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

3. Eight original spreadsheets from Draft2Digital account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

4. Eight original spreadsheets from the GooglePlay account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

5. Original spreadsheets from any other vendor account upon which damage calculations are being made for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

**PRODUCTION REQUEST NO. 2**
Provide any documents which contain statistics, charts, or reports relative to the sales of each of Zoey Ellis and Quill Ink's published books for the past three (3) years.

**PRODUCTION REQUEST NO. 3**
If any report or evaluation of your sales figures was made or rendered by or for you, identify and provide each document, and state its contents.

**PRODUCTION REQUEST NO. 4**
Provide documentation showing when and from whom Zoey Ellis purchased Addison Cain's Alpha Claim series.

**PRODUCTION REQUEST NO. 5**
Produce a copy of the contract between the author known as Zoey Ellis and Quill Ink.

**PRODUCTION REQUEST NO. 6**
Pursuant to Factual allegation #90. Please provide a list of all vendors where Quill Ink's titles, including the Myth of Omega series, were sold since January of 2018, and provide a list of which vendors removed the titles from sale, and the exact dates the titles were unavailable due to the DMCA take down filings.

**PRODUCTION REQUEST NO. 7**
Provide documents outlining all payments received, directly or indirectly, by Quill Ink and Author Zoey Ellis for sales of written works for the past five (5) years.

**PRODUCTION REQUEST NO. 8**
Provide the approximately eleven hundred Bates stamped documents submitted to Plaintiff by former co-defendant Addison Cain pursuant to Plaintiff's subpoena duces tecum.

**PRODUCTION REQUEST NO. 9**
Provide full registration information on Plaintiff company's "Companies House" registration, as well as all other document filings in the United Kingdom related to Quill Ink Books.

**PRODUCTION REQUEST NO. 10**

Provide documentation showing exactly what corporate entity is being used to do business in the United States at every vendor with which Zoey Ellis' titles are listed for sale, including what corporate name, corporate address, EIN or tax ID number, and bank account has been provided to the vendor.

**PRODUCTION REQUEST NO. 11**

Provide a copy of the application form for the U.S. Employer Identification Number, establishing the date the EIN was applied for in the U.S.

**PRODUCTION REQUEST NO. 12**

Provide all correspondence between Nora Ash and Zoey Ellis, including but not limited to emails, text messages, and copies of Facebook private messages.

**PRODUCTION REQUEST NO. 13**

Provide all correspondence between Margarita Trevino Coale and Zoey Ellis, including but not limited to emails, text messages, and copies of Facebook private messages.