DEFENDANT'S
EXHIBIT
4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) QUILL INK BOOKS LIMITED, a foreign corporation,

Plaintiff,

v.

(1) ABCD GRAPHICS AND DESIGN, INC., D/B/A BLUSHING BOOKS PUBLISHING, a foreign corporation, *et al.*,

Defendants.

Case No.: CIV-18-920-G

**PLAINTIFF QUILL INK BOOKS LIMITED'S OBJECTIONS AND RESPONSES TO DEFENDANT ABCD GRAPHICS AND DESIGN, INC., D/B/A BLUSHING BOOKS PUBLISHING'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Quill Ink Books Limited ("Plaintiff"), for its responses and objections to the interrogatories and requests for production of documents of Defendant ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing ("Defendant"), states as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to the "Definitions and Instructions" to the extent they seek to impose greater or different obligations than required under the Federal Rules of Civil Procedure. Plaintiff will respond and produce documents *only* as required by the Federal Rules of Civil Procedure.

2. Plaintiff objects to Defendant's definition of "describe" because it is overly broad, unduly burdensome, vague, ambiguous and seeks to impose obligations on Plaintiff

beyond the requirements of the Federal Rules of Civil Procedure. Plaintiff will produce documents and respond in accordance with the Federal Rules of Civil Procedure.

3. Plaintiff objects to Defendant's definition of "you or anyone acting on your behalf" and Defendant's attempts to include "agents," "insurance companies," "[insurance company] agents," "[insurance company] employees," "attorneys," "accountants," and "investigators" because such definitions are overly broad, vague, and seek to impose obligations on Plaintiff beyond the requirements of the Federal Rules of Civil Procedure. Further, Plaintiff objects to the inclusion of its attorneys in such definitions as an improper attempt to invade the attorney-client privilege and work-product privilege. Plaintiff will produce documents and respond only as required by the Federal Rules of Civil Procedure.

4. Plaintiff objects to Defendant's definition of "document" to the extent it seeks to impose upon Plaintiff the Colorado Rules of Evidence. Plaintiff will only provide responsive documents contemplated under the Federal Rules of Civil Procedure.

5. Plaintiff objects to the Defendant's definition of "identify" because it seeks to impose obligations on Plaintiff beyond the requirements of the Federal Rules of Civil Procedure. Plaintiff will produce documents and respond in accordance with the Federal Rules of Civil Procedure. Plaintiff further objects to Defendant's definition of the term "identify" because it is not reasonably limited in time or scope.

6. Plaintiff objects to Defendant's definition of "Plaintiff" to the extent it is seeking to create a controversy where no controversy exists. The "Plaintiff" is the named party in this litigation. Any insinuation otherwise is a poor attempt to mislead the Court and muddy the issues.

7. Plaintiff objects to Defendant's discovery requests to the extent they request information or documents covered by the attorney-client privilege, the work-product doctrine, and/or any matters prepared in anticipation of litigation or for trial by, or for, Plaintiff, its agents or employees, and any material that would disclose mental impressions, conclusions, opinions, or legal theories of any representative of Plaintiff concerning the subject matter of this action. Plaintiff objects to all discovery requests for such documents or information.

8. These responses are based on information presently known to Plaintiff, who expressly reserves the right to supplement or modify these responses upon the subsequent discovery of any additional or different information.

9. Plaintiff objects to the interrogatories to the extent they are compound. Although asked under a single interrogatory, many numbered interrogatories contain separate and distinguishable questions. FED. R. CIV. P. 33(a)(1) dictates that Defendant is allowed no more than twenty-five (25) interrogatories. For purposes of compliance with the Federal Rules of Civil Procedure, Plaintiff has noted parenthetically when an interrogatory is compound, and provided the actual number of separate and distinguishable questions asked in these requests in italics.

10. Plaintiff's responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement contained herein if made by any witness present and

testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

11. Plaintiff objects to the requests for production to the extent that they purport to call for the production of information or documents not in the possession, custody, or control of Plaintiff.

12. Plaintiff objects to any request for production to which a response would require it to generate or collect information or documents it does not maintain or generate in the ordinary course of business.

13. A response that inspection and related activities shall be permitted does not mean any of the requested documents, in fact, exist, but rather, to the extent any such requested documents do exist, they will be produced for inspection and related activities.

14. Plaintiff objects to any requests which purport to require the creation of documents which do not exist.

15. The foregoing objections and conditions are incorporated by reference in each of the responses to Defendant's discovery requests and all responses are made subject to and without waiving these objections and any other ones stated in the responses.

**PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES**

**INTERROGATORY NO. 1**: To the author known as Zoey Ellis: *(1)* State your full name and *(2)* any other names you have used or been known by, *(3)* your date of birth, *(4)* place of birth, present address, *(5)* National Insurance number, and *(6)* relationship to Quill Ink.

**ANSWER NO. 1**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as compound in that it contains six (6) separate and distinguishable questions. As such, Interrogatory No. 1 should count as six (6) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). Plaintiff further objects to this interrogatory as it is directed to a third-party individual who is not a named party in the present action.

**INTERROGATORY NO. 2** ***(7)***: Provide a list of *(1)* all titles, with *(2)* authors' legal names and *(3)* publication dates, published by Quill Ink Books since its inception.

**ANSWER NO. 2**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is both overly broad, disproportionate and compound. With respect to Plaintiff's first objection, this interrogatory is overly broad in that it seeks information related to authors and works wholly unrelated to the present dispute, and requests those documents for a time period disproportionate to the needs and subject matter of the case. With respect to Plaintiff's second objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's third objection, this interrogatory is compound in that it contains three (3) separate and distinguishable questions. As such, Interrogatory No. 2 should count as three (3) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1).

**INTERROGATORY NO. 3** ***(10)***: Pursuant to Factual allegation #90: Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in

paragraphs #90 that "Blushing and Cain's interference caused Plaintiff to suffer economic losses and other damages as set forth herein." Please provide precisely:

a) *(1)* how these damages are calculated;

b) *(2)* by whom;

c) *(3)* how exactly one arrives at the approximately one million dollar sum Plaintiff claims in damages;

d) *(4)* The nature and *(5)* amount of such losses; and

e) *(6)* The date and *(7)* the name and ADDRESS of any PERSON having knowledge of these claimed losses.

**ANSWER NO. 3**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, and compound. With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks Plaintiff to "provide precisely…the date and the name and ADDRESS of any PERSON." Plaintiff cannot fully and accurately respond to this interrogatory, as Plaintiff does not know how to provide the "date" of a person. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled to documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is compound in that it contains seven (7) separate and distinguishable questions. As such, Interrogatory No. 3 should count as seven (7) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1).

Notwithstanding the foregoing objections, and subject thereto, Plaintiff answers as follows: Plaintiff's compensatory damages, including those for lost earnings, loss of

investment capital, reputational harm, and lost business/economic opportunities damages, are based upon cancelled pre-orders, past sales data, and future potential sales data for each of Plaintiff's effected works. At this time, those damages are believed to total roughly $750,000.00. Punitive damages are calculated by factoring the profitability of Defendant's misconduct, the duration of Defendant's misconduct and attempted concealment thereof, Defendant's awareness, Defendant's attitude and conduct, the number and level of employees causing and concealing the misconduct, and the financial condition of Defendant. At this time, those Plaintiff believes a reasonable amount of punitive damages in light of the surrounding circumstances is roughly $500,000.00 and includes disgorgement of amounts wrongfully obtained through tortious business activities directed at Plaintiff. The aforementioned damages were calculated by Plaintiff. One arrives at the approximately one million dollar sum Plaintiff claims in damages by calculating the same as discussed, *supra*. The nature of Plaintiff's losses has already been discussed, *supra*. The amount of Plaintiff's losses has already been discussed, *supra*. Plaintiff is unaware of how to provide Defendant with the "date" of an individual as requested in this interrogatory. Individuals who may have knowledge of Plaintiff's claimed losses are:

-   Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

-   Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Corporate Representative of Draft2Digital, LLC; 9400 N. Broadway, Suite 410, Oklahoma City, OK 73114;
- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226;
- Corporate Representative of Apple/iTunes; One Apple Park Way, Cupertino, CA 95014;
- Corporate Representative of iBooks; One Apple Park Way, Cupertino, CA 95014.

**INTERROGATORY NO. 4** *(17)*: *(1)* Are YOU OR ANYONE ACTING ON YOUR BEHALF contending that Defendants violated any statutes, ordinances, industry standards, or other laws, standards, or regulations that relate to the claims made a subject of your Complaint? If so, please state:

a) *(2)* The citation of such law, standard, or regulation;

b) *(3)* The facts on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such position that Defendant violated such law, standard, or regulation.

**ANSWER NO. 4**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is compound in that it contains three (3) separate and distinguishable questions. As such, Interrogatory No. 4 should count as three (3) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). Subject to this objection, Plaintiff contends that Defendant's actions violated federal law. As stated in the Amended Complaint [Doc. No. 6], Defendant's actions violated 17 U.S.C. § 512(f), as well as the legal standards regarding negligence, tortious interference with prospective economic advantage, malicious interference with contract or business relations, defamation, false

light, and civil conspiracy. The underlying facts that support Plaintiff's contentions has been set out fully in Plaintiff's Amended Complaint [Doc No. 6] and was reiterated in Plaintiff's Motion for Partial Summary Judgment [Doc. No. 49].

**INTERROGATORY NO. 5** ***(20)***: *(1)* If you have ever had an account or participated, posted, messaged, commented or communicated in any form (including but not limited to status updates, wall comments and postings, profiles, activity streams, blog entries) of or on any social media site, social networking site *(footnote not reproduced)*, online forum or blog (hereinafter "social media") from the date of the CONTROVERSY please state:

a) *(2)* The name of the social media or networking site;

b) *(3)* Whether you have deleted anything from the social media site since the CONTROVERSY;

c) *(4)* If you have deleted anything from the social media site. the general subject matter of what was deleted;

d) *(5)* If you have restricted or increased restrictions on access to the social media site;

e) *(6)* The reason for any deletion or restriction of access to the social media site.

**ANSWER NO. 5**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as vague, ambiguous, overly broad, disproportionate, and compound. With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous in the proffered time frame. This request requested information from the "date of the CONTROVERSY," yet does not define "CONTROVERSY" as a specific date in time. Instead, CONTROVERSY is defined by Defendant as "the circumstances and events surrounding the DMCA Take Down Notices giving rise to this action or proceeding." This

definition is unquestioningly vague—in that Defendant distinguishes between "circumstances," "events," "action" and "proceeding." Plaintiff is unable to fully respond to this interrogatory as written. However, in an effort to comply in good faith with Defendant, Plaintiff will treat the requested time frame as beginning with the receipt of the first DMCA "take-down" notice—April 19, 2018. With respect to Plaintiff's second objection, this interrogatory is overly broad, in that it broadly requests all information related to Plaintiff's social media presence, including posts and actions that have nothing whatsoever to do with the present lawsuit. Plaintiff will not be providing information outside the scope of the matters that serve as the basis for the present lawsuit. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is compound in that it contains six (6) separate and distinguishable questions. As such, Interrogatory No. 5 should count as six (6) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). Notwithstanding the foregoing objections, and subject thereto, Plaintiff has not had an account or participated in social media since April 19, 2018. Plaintiff did not participate in social media or networking following April 19, 2018. Plaintiff has not deleted anything from social media since April 19, 2018. Plaintiff has neither restricted or increased restrictions to "the social media site" since April 19, 2018. Plaintiff did not delete or restrict access to "the social media site."

**INTERROGATORY NO. 6 *(26)***: Do YOU OR ANYONE ACTING ON YOUR BEHALF maintain Defendant, individually or through any officer, agent, administrator, or

employee, have ever made any statements against interest or *(1)* admissions of fault in connection with the CONTROVERSY and/or allegations made a subject of your Complaint? If YOU OR ANYONE ACTING ON YOUR BEHALF believes Defendant have in some manner, by statement or conduct, admitted wrongdoing, responsibility, or fault, please state:

a) *(2)* Any conduct that suggests to YOU OR ANYONE ACTING ON YOUR BEHALF some admission of fault, wrongdoing, or legal responsibility for your injuries and/or damages;

b) *(3)* If statements or admissions were allegedly made, precisely what was said, *(4)* by whom, *(5)* when, and *(6)* to whom such statements were made.

**ANSWER NO. 6**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as vague, ambiguous, disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because the initial question and the first subpart do not logically follow one another. Specifically, the main interrogatory appears to be directed at statements against interest made by Defendant and/or its associates, while the first subpart appears to be directed at statements against interest made by Plaintiff and/or its associates. Moreover, from a syntax standpoint, Plaintiff is unsure what Defendant means in the first subpart when it requests Plaintiff to "state…any conduct that suggests to YOU OR ANYONE ACTING ON YOUR BEHALF some admission of fault, wrongdoing, or legal responsibility for your injuries and/or damages." On one hand, Plaintiff is unsure how to "state…conduct." Further, Plaintiff is unsure of the conduct to which Defendant is referring. As such, Plaintiff cannot fully respond to this interrogatory as written. With

respect to Plaintiff's second objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's third objection, this interrogatory is compound in that it contains six (6) separate and distinguishable questions. As such, Interrogatory No. 6 should count as six (6) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's fourth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the six separate and distinguishable interrogatories place Defendant at thirty-one (31) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, all information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d).

**INTERROGATORY NO. 7** ***(32)***: *(1)* Provide a full and complete description of the nature of the business of the Plaintiff company, *(2)* including number of employees and/or contract workers.

**ANSWER NO. 7**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's second objection, this interrogatory is compound in that it contains two (2) separate and

distinguishable questions. As such, Interrogatory No. 7 should count as two (2) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the two separate and distinguishable interrogatories place Defendant at thirty-one (33) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, all information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d).

**INTERROGATORY NO. 8** ***(34)***: *(1)* State whether your company does business directly or indirectly within the State of Oklahoma, and, if so, *(2)* describe in full detail the nature of the business done in the State of Oklahoma, and *(3)* describe what is done.

**ANSWER NO. 8**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as vague, ambiguous, disproportionate, overly broad, compound, and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "describe in full detail the nature of the business done" *and* "describe what is done." Based on this duplication of seemingly identical questions, Plaintiff believes Defendant sought for "nature" to take on a meaning different than it commonly holds. As such, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory is disproportionate to the needs of the case, considering the importance

of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's third objection, this interrogatory is overly broad in that it requests information regarding all business done by Plaintiff in Oklahoma for an unlimited period of time. To fully answer this interrogatory would include disclosure of information regarding business that is entirely unrelated to this litigation. With respect to Plaintiff's fourth objection, this interrogatory is compound in that it contains three (3) separate and distinguishable questions. As such, Interrogatory No. 8 should count as three (3) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's fifth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the three separate and distinguishable interrogatories place Defendant at thirty-six (36) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, all information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d).

**INTERROGATORY NO. 9 (*37*)**: *(1)* State the name of each department or other operative unit of Quill Ink's Company, setting forth for each department or unit:

a) *(2)* the name, office address, and *(3)* title of the officer, manager, or employee in charge; and

b) *(4)* a brief description of its function.

**ANSWER NO. 9**: In addition to the foregoing general objections, Plaintiff objects to

this interrogatory as disproportionate, compound, and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's second objection, this interrogatory is compound in that it contains four (4) separate and distinguishable questions. As such Interrogatory No. 9 should count as (4) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the four separate and distinguishable interrogatories place Defendant at forty (40) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, none.

**INTERROGATORY NO. 10 *(41)***: Pursuant to Factual allegation #45. *(1)* Provide any evidence and state all the facts Plaintiff will rely upon to support the allegation in paragraph 45 that defendant ABCD Graphics and Design represented that Author Cain possessed "registered" copyrights. Specifically, with respect to such allegation:

a) Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(2)* IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 10**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as vague, ambiguous, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous in that it misrepresents the allegation contained in ¶ 45 of the Amended

Complaint [Doc. No. 6]. The allegation states "[t]he 'take-down' notice represented Cain possessed validly registered copyrights." Notwithstanding the fact Defendant ***did not*** respond to this allegation in its Amended Response to Complaint [Doc. No. 32], Defendant's misstatement of the allegation renders this interrogatory ambiguous. With respect to Plaintiff's second objection, this interrogatory is compound in that it contains two (2) separate and distinguishable questions. As such, Interrogatory No. 10 should count as two (2) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the two (2) separate and distinguishable interrogatories place Defendant at forty-two (42) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, Plaintiff's factual basis for the allegation in ¶ 45 of the Amended Complaint [Doc. No. 6] that "[t]he 'take-down' notice represented Cain possessed validly registered copyrights" is contained in the DMCA "take-down" notices themselves. These notices were attached to the Amended Complaint [Doc. No. 6], the Motion for Partial Summary Judgment [Doc. No. 49] and will be produced along with Plaintiff's document production. *See* FED. R. CIV. P. 33(d). Individuals who may have knowledge of the allegations of ¶ 45 of the Amended Complaint [Doc. No. 6] are:

- Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Corporate Representative of Draft2Digital, LLC; 9400 N. Broadway, Suite 410, Oklahoma City, OK 73114;

- Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;

- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226;

- Corporate Representative of Apple/iTunes; One Apple Park Way, Cupertino, CA 95014;
- Corporate Representative of iBooks; One Apple Park Way, Cupertino, CA 95014.
- Corporate Representative of Barnes & Noble; address unknown.

**INTERROGATORY NO. 11** ***(43)***: Pursuant to Factual allegation #42. *(1)* Provide any evidence and state all the facts Plaintiff will rely upon to support the allegation in paragraph 42 of the complaint that Quill Ink Books was the initial publisher of record of any of the first three Books in the MYTH OF OMEGA series, specifically "Crave to Conquer," (January 18, 2018), "Crave to Capture," (March 20, 2018), and "Crave to Claim," (May 23, 2018), and *(2)* identify all persons having knowledge of such alleged facts.

**ANSWER NO. 11**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as vague, ambiguous, compound, and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this compound is vague and ambiguous in that it misrepresents the factual allegations contained in ¶ 42 of the Amended Complaint [Doc. No. 6], which claims "[e]ach book in the Myth of Omega series was registered pursuant to the Copyright Act of 1976, the Designs and Patents Act of 1988, and subject to the protection of the Berne Convention for the Protection of Literary and Artistic Works." There is no mention whatsoever of Plaintiff, and Plaintiff's status as publisher. Plaintiff cannot respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory is compound in that it contains two (2) separate and distinguishable questions. As such, Interrogatory No. 11 should count as two (2) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With

respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the two (2) separate and distinguishable interrogatories place Defendant at forty-four (44) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, all information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d).

**INTERROGATORY NO. 12** ***(45)***: Pursuant to Factual allegation #56 and #57. *(1)* Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs 56 and *(2)* 57 that ABCD Graphics and Design (including any corporate officer or employee acting on the corporation's behalf) engaged in any public or private act that publicly damaged Plaintiff's reputation, or made any public or private statement whatsoever which harassed or defamed Plaintiff. Specifically, with respect to such allegation:

a) *(3) (4)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(5) (6)* IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 12**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as vague, ambiguous, compound, and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous in that it misrepresents the factual allegations contained in ¶ 56 of the Amended Complaint [Doc. No. 6] which claims "Blushing and Cain's 'take-down' notices violated

the Copyright Act, damaged Plaintiff's reputation and resulted in financial losses, including but not limited to, pre-release and ordinary book sales in the United States and internationally." There is no mention in ¶ 56 of damage to Plaintiff's reputation. Plaintiff cannot respond to the portion of this interrogatory related to ¶ 56 as the interrogatory as written. Additionally, this interrogatory is vague and ambiguous in that it requests "any evidence." Lastly, this interrogatory is vague and ambiguous in that it first asks for Plaintiff to "[p]rovide any evidence and state all facts" regarding the allegations, and then asks in a specific subpart for Plaintiff to "[d]escribe in detail each and every fact on with YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations." Plaintiff is unsure if these requests are duplicative, or if Defendant is asking for two different sets of evidence and information. With respect to Plaintiff's second objection, this interrogatory is compound in that it contains six (6) separate and distinguishable questions. As such, Interrogatory No. 12 should count as six (6) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the six separate and distinguishable interrogatories place Defendant at fifty (50) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, Plaintiff does not allege what Defendant contends in ¶ 56 of the Amended Complaint [Doc. No. 6]. Plaintiff's factual basis for the allegations contained in ¶ 57 of the Amended Complaint can be found in ¶¶ 58-65 of the Amended Complaint [Doc. No. 6], as well as the referenced documents attached thereto, which will be produced along with Plaintiff's document production. *See*

FED. R. CIV. P. 33(d). Plaintiff does not allege what Defendant contends in ¶ 56 of the Amended Complaint [Doc. No. 6]. Each and every fact relied upon by Plaintiff to form the factual basis of the allegations contained in ¶ 57 can be found in ¶¶ 58-65 of the Amended Complaint [Doc. No. 6], the Motion for Partial Summary Judgment [Doc. No. 49], and the referenced documents attached thereto, which will be produced along with Plaintiff's document production. *See* FED. R. CIV. P. 33(d). Plaintiff does not allege what Defendant contends in ¶ 56 of the Amended Complaint [Doc. No. 6]. The following individuals may have knowledge that supports the allegations in ¶ 57 of the Amended Complaint [Doc. No. 6]:

- Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;
- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226.

**INTERROGATORY NO. 13** *(51)*: Pursuant to Factual allegation #58. *(1)* Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs 58 that Defendant ABCD Graphics and Design (including any corporate officer or employee acting on the corporation's behalf) has a "long standing" practice of manipulating commentary on their own publications and/or used any such techniques to solicit negative reviews and/or commentary on any publication of Zoey Ellis's or Quill Ink Books, Ltd. Specifically, with respect to such allegation:

a) *(2)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(3)* IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 13**: In addition to the foregoing general objections, Plaintiff objects to

this interrogatory as vague, ambiguous, privileged, compound, and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous in that it requests "any evidence." Further, this interrogatory is vague and ambiguous in that it first asks for Plaintiff to "[p]rovide any evidence and state all the facts" regarding the allegations, and then asks in a specific subpart for Plaintiff to "[d]escribe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations." Plaintiff is unsure if these requests are duplicative, or if Defendant is asking for two different sets of evidence and information. With respect to Plaintiff's second objection, this interrogatory is compound in that it contains three (3) separate and distinguishable questions. As such, Interrogatory No. 13 should count as three (3) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the three (3) separate and distinguishable interrogatories place Defendant at fifty three (53) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, each and every fact relied upon by Plaintiff to form the factual basis of the allegations contained in ¶ 58 can be found in ¶¶ 58-65 of the Amended Complaint [Doc. No. 6], the Motion for Partial Summary Judgment [Doc. No. 49], and the referenced documents attached thereto, which will be produced along with Plaintiff's document production. *See* FED. R. CIV. P. 33(d).

**INTERROGATORY NO. 14** ***(54)***: Pursuant to Factual allegation #59: *(1)* Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs 59 that Defendant ABCD Graphics and Design (including any corporate officer

or employee acting on the corporation's behalf) made claims in any public forum that "shamed" Plaintiff whatsoever, whether "baseless" or otherwise. In addition, provide any evidence that Defendant ABCD Graphics and Design was

1. *(2)* aware of the existence of an alleged corporation "Quill Ink Books" prior to the filing of DMCA notices;

2. *(3)* ever made any statement, public or private, regarding Quill Ink Books; and/or

3. *(4)* that even if these alleged statements do exist that any potential reader was "driven away" from other Quill Ink publications by these statements.

**ANSWER NO. 14**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as vague, ambiguous, disproportionate, compound, and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous in that it requests "any evidence." Further, the request that Plaintiff "provide any evidence that Defendant ABCD Graphics was that even if these alleged statements do exist that any potential reader was 'driven away' from other Quill Ink publications by these statements" is neither a logical thought, nor an answerable interrogatory as written. With respect to Plaintiff's second objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. Plaintiff cannot claim to know of Defendant's awareness of "alleged" corporations. Plaintiff cannot claim to know private statements made by Defendant. Interrogatories of this nature are disproportionate and are intended only to harass Plaintiff. With respect to Plaintiff's third objection, this interrogatory is compound in that it contains four (4) separate and distinguishable questions. As such, Interrogatory No. 14 should count as four (4)

interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the four (4) separate and distinguishable interrogatories place Defendant at fifty seven (57) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, all information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d).

**INTERROGATORY NO. 15** ***(58)***: Pursuant to, inter alia, Factual allegation #60, 61, 62, 63: Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs *(1)* #60, *(2)* 61, *(2)* 62, & *(3)* 63 that Defendant ABCD Graphics and Design ever directed Author Cain or anyone else to engage in any sort of social media campaign against Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis, AND *(4) (5) (6)* provide any evidence that Defendant ABCD Graphics and Design ever released any correspondence publicly concerning this matter. Specifically, with respect to such allegation:

a) *(7) (8) (9)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(10) (11) (12)* IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 15**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, overly broad, disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first

objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide any evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on this duplication of seemingly identical questions, Plaintiff believes Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is overly broad, in that it requests information for an unlimited period of time when asking for Plaintiff's to provide evidence or information regarding whether Defendant "*ever* released any correspondence publicly concerning this matter" (emphasis added). With respect to Plaintiff's fifth objection, this interrogatory is compound in that it contains twelve (12) separate and distinguishable questions. As such, Interrogatory No. 15 should count as twelve (12) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's sixth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the twelve (12) separate and distinguishable interrogatories place Defendant at sixty nine (69) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d). Lastly, the following individuals may have knowledge that supports the allegations in ¶¶ 60-63 of the Amended Complaint [Doc. No. 6]:

- Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;
- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226.

**INTERROGATORY NO. 16** ***(70)***: Pursuant to Factual allegation #65: *(1)* Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #65 that Defendant ABCD Graphics and Design "continued to harass Plaintiff through emails to intimidate, embarrass, and to cause harm." Specifically, with respect to such allegation:

a) *(2)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(3)* IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 16**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide any evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on this duplication of seemingly identical questions, Plaintiff believes Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully

respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is compound in that it contains three (3) separate and distinguishable questions. As such, Interrogatory No. 16 should count as three (3) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's fifth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the three (3) separate and distinguishable interrogatories place Defendant at seventy two (72) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d). Lastly, the following individuals may have knowledge that supports the allegations in ¶ 65 of the Amended Complaint [Doc. No. 6]:

- Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;
- Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;
- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226.

**INTERROGATORY NO. 17 (*73*)**: Pursuant to Factual allegation *(1)* #71 and *(2)* 72: Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #71 and 72 that Defendant ABCD Graphics and Design's

motivation in filing the DMCA takedown notices was intended to stifle competition and / or that Defendant ABCD Graphics and Design has ever filed a DMCA take down notice against another author, within or beyond the Omegaverse Universe. Specifically, with respect to such allegation:

a) *(3) (4)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(5) (6)* IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 17**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide any evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on this duplication of seemingly identical questions, Plaintiff believes Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this

interrogatory is compound in that it contains six (6) separate and distinguishable questions. As such, Interrogatory No. 17 should count as six (6) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's fifth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the six (6) separate and distinguishable interrogatories place Defendant at seventy eight (78) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d). Lastly, the following individuals may have knowledge that supports the allegations in ¶¶ 71-72 of the Amended Complaint [Doc. No. 6]:

- Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;
- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;
- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226.

**INTERROGATORY NO. 18** ***(79)***: Pursuant to Factual allegation *(1)(2)(3)(4)(5)(6)*#76-81: Provide any evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #76-81 Defendant ABCD Graphics and Design did not have a good faith belief that in fact Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis had in fact appropriated a sufficient proportion of Author Cain's work, so that the works could be considered "substantially similar." Specifically, with respect to such allegation:

a) *(7)(8)(9)(10)(11)(12)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(13)(14)(15)(16)(17)(18)*IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 18**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide any evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on this duplication of seemingly identical questions, Plaintiff believes Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is compound in that it contains eighteen (18) separate and distinguishable questions. As such, Interrogatory No. 18 should count as eighteen (18) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's fifth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories

allowed by FED. R. CIV. P. 33(a)(1), and the eighteen (18) separate and distinguishable interrogatories place Defendant at ninety six (96) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, the following individuals may have knowledge that supports the allegations in ¶¶ 76-81 of the Amended Complaint [Doc. No. 6]:

-   Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

-   Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

-   Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

-   Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

-   Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;

- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226.

**INTERROGATORY NO. 19** *(97)*: Pursuant to Factual allegation *(1)(2)(3)(4)(5)(6)(7)*#97- 103. Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #97-103 that Defendant ABCD Graphics and Design ever made any false and/or defamatory statements concerning Plaintiff or Plaintiff's works (either publicly or privately). Specifically, with respect to such allegation:

    a)    *(8)(9)(10)(11)(12)(13)(14)*Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

    b)    *(15)(16)(17)(18)(19)(20)(21)*IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 19**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide all evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on

this duplication of seemingly identical questions, Plaintiff believes Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is compound in that it contains twenty-one (21) separate and distinguishable questions. As such, Interrogatory No. 19 should count as twenty-one (21) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's fifth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the twenty-one (21) separate and distinguishable interrogatories place Defendant at one hundred seventeen (117) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, the following individuals may have knowledge that supports the allegations in ¶¶ 97-103 of the Amended Complaint [Doc. No. 6]:

- Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;

- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226.

**INTERROGATORY NO. 20** ***(118)***: Pursuant to Factual allegation *(1)(2)(3)(4)(5)(6)(7)*#97- 103. Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #97-103 that Defendant ABCD Graphics and Design: created and/or contributed to any online forum concerning Plaintiff or Plaintiff's works. Specifically, with respect to such allegation:

a) *(8)(9)(10)(11)(12)(13)(14)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(15)(16)(17)(18)(19)(20)(21)*IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 20**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, disproportionate, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide all evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on this duplication of seemingly identical questions, Plaintiff believes Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative

access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is compound in that it contains twenty-one (21) separate and distinguishable questions. As such, Interrogatory No. 20 should count as twenty-one (21) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's fifth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the twenty-one (21) separate and distinguishable interrogatories place Defendant at one hundred thirty eight (138) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, for a list of the individuals who may have knowledge that supports the allegations in ¶¶ 97-103 of the Amended Complaint [Doc. No. 6], refer to the answer to Interrogatory No.19.

**INTERROGATORY NO. 21** ***(139)***: Pursuant to Factual allegation *(1)(2)(3)(4)(5)(6)(7)* #97- 103. Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #97-103 that Defendant ABCD Graphics and Design ever made any statement concerning Plaintiff with malice and/or negligent disregard for the truth. Specifically, with respect to such allegation:

a) *(8)(9)(10)(11)(12)(13)(14)*Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(15)(16)(17)(18)(19)(20)(21)*IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 21**: In addition to the foregoing general objections, Plaintiff objects to

this interrogatory as it is vague, ambiguous, privileged, disproportionate, overly broad, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide all evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on this duplication of seemingly identical questions, Plaintiff believes Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is overly broad in that it requests evidence and information for an unlimited period of time in asking Plaintiff to provide information on whether Defendant "ever" made statements. With respect to Plaintiff's fifth objection, this interrogatory is compound in that it contains twenty-one (21) separate and distinguishable questions. As such, Interrogatory No. 21 should count as twenty-one (21) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's sixth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED.

R. CIV. P. 33(a)(1), and the twenty-one (21) separate and distinguishable interrogatories place Defendant at one hundred sixty (160) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, for a list of the individuals who may have knowledge that supports the allegations in ¶¶ 97-103 of the Amended Complaint [Doc. No. 6], refer to the answer to Interrogatory No.19.

**INTERROGATORY NO. 22** ***(161)***: Pursuant to Factual allegation *(1)(2)(3)*#104-106. Provide all evidence and state all the facts Plaintiff will rely upon to support the allegations in paragraphs #104-106 that Defendant ABCD Graphics and Design has ever knowingly misused copyright remedies to stifle competition. Specifically, with respect to such allegation:

a) *(4)(5)(6)* Describe in detail each and every fact on which YOU OR ANYONE ACTING ON YOUR BEHALF bases such allegations;

b) *(7)(8)(9)* IDENTIFY the name and ADDRESS of every witness who has knowledge which supports such allegations.

**ANSWER NO. 22**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is vague, ambiguous, privileged, disproportionate, overly broad, compound and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is vague and ambiguous because it asks two separate questions that logic says would cover the same issues. Specifically, Defendant asks for Plaintiff to "[p]rovide all evidence and state all the facts" *and* "[d]escribe in detail each and every fact." Based on this duplication of seemingly identical questions, Plaintiff believes

Defendant is seeking two different sets of information. If this is Defendant's intention, Plaintiff cannot fully respond to this interrogatory as written. With respect to Plaintiff's second objection, this interrogatory seeks to provision of information subject to the privileges of the attorney work-product doctrine in that it seeks information "Plaintiff will rely upon." Defendant is not entitled do documents or information related to Plaintiff's trial strategy. With respect to Plaintiff's third objection, this interrogatory is disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. With respect to Plaintiff's fourth objection, this interrogatory is overly broad in that it requests evidence and information for an unlimited period of time in asking Plaintiff to provide information on whether Defendant "*ever* knowingly misused copyright remedies" (emphasis added). With respect to Plaintiff's fifth objection, this interrogatory is compound in that it contains nine (9) separate and distinguishable questions. As such, Interrogatory No. 22 should count as nine (9) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's sixth objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the nine (9) separate and distinguishable interrogatories place Defendant at one hundred sixty-nine (169) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, the following

individuals may have knowledge that supports the allegations in ¶¶ 104-106 of the Amended Complaint [Doc. No. 6]:

- Kristina Busse, Ph.D, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Payne Harrison, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Steve Thrasher, Corporate Representative of Quill Ink Books Limited; c/o Gideon A. Lincecum, HOLLADAY & CHILTON, PLLC, 204 N. Robinson, Suite 1550, Oklahoma City, OK 73102;

- Corporate Representative of ABCD Graphics and Design, Inc., d/b/a Blushing Books Publishing; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Annie Briggs Wills; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Allison Travis; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470, Pueblo, CO 81008;

- Bethany Burke; c/o Becky Briggs, The Law Office of Becky Briggs, LLC, PO Box 9470.

- Rachelle Soto a/k/a Addison Cain; c/o Shawn M. Dellegar, Crowe & Dunlevy, Kennedy Building, 321 South Boston Avenue, Suite 500, Tulsa, OK 74103;

- Corporate Representative of Amazon.com; PO Box 81226, Seattle, WA 98108-1226.

**INTERROGATORY NO. 23** ***(170)***: To Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis: When were you first aware of Addison Cain's Omega trilogy, also known as the Alpha Claim series?

**ANSWER NO. 23**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is directed to a third-party individual who is not a named party in the present action. Plaintiff further objects to this interrogatory as Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1). Including Interrogatory No. 23, Defendant has now asked one-hundred seventy (170) interrogatories.

**INTERROGATORY NO. 24** ***(171)***: To Zuri Thompson/aka Zuri Amarcya/ aka Author Zoey Ellis: When did you read books in the Alpha Claim series?

**ANSWER NO. 24**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as it is directed to a third-party individual who is not a named party in the present action. Plaintiff further objects to this interrogatory as Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1). Including Interrogatory No. 24, Defendant has now asked one-hundred seventy (171) interrogatories.

**INTERROGATORY NO. 25** ***(172)***: If you claim that ABCD Graphics and Design in any way harmed potential business opportunities, specify:

a) *(1)* each and every detail and fact upon which you base your claim;

b) *(2)* the exact date when any person or entity declined to do business with Plaintiff since May of 2018;

c) *(3)* the name and address of each person or entity who declined to do business with Plaintiff May of 2018; and

d) *(4)* how Defendant's alleged actions are a proximate cause of Plaintiff's lost opportunities.

**ANSWER NO. 25**: In addition to the foregoing general objections, Plaintiff objects to this interrogatory as duplicative, compound, and violative of FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's first objection, this interrogatory is duplicative of other interrogatives already asked and answered. Plaintiff has already provided each and every detail or fact upon which it bases its claim, both in responding to these interrogatories, and in both the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Plaintiff has already shown how Defendant's actions are the proximate cause of Plaintiff's lost opportunities, both in responding to these interrogatories, and in both the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. With respect to Plaintiff's second objection, this interrogatory is compound in that it contains four (4) separate and distinguishable questions. As such, Interrogatory No. 25 should count as four (4) interrogatories for purposes of Defendant's limit under FED. R. CIV. P. 33(a)(1). With respect to Plaintiff's third objection, Defendant has exceeded the twenty-five (25) permissible interrogatories allowed by FED. R. CIV. P. 33(a)(1), and the four (4) separate and distinguishable interrogatories place Defendant at one-hundred seventy five (175) interrogatories.

Notwithstanding the foregoing objections, and subject thereto, all information and evidence responsive to this interrogatory was provided in the Amended Complaint [Doc. No. 6] and the Motion for Partial Summary Judgment [Doc. No. 49]. Further, Defendant is referred to Plaintiff's document production. *See* FED. R. CIV. P. 33(d).

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION**

**PRODUCTION REQUEST NO. 1:** Pursuant to claimed damages: Please provide precisely how these damages are calculated, by whom, and how exactly one arrives at the approximately one million dollar sum Plaintiff claims in damages. Include the following raw data sources to document lost sales:

1. Eleven original spreadsheets from the Quill Ink Amazon account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications, including:
    a. Amazon.com
    b. Amazon.U.K. (United Kingdom)
    c. Amazon.de (Germany)
    d. Amazon.fr (France)
    e. Amazon.es (Spain)
    f. Amazon.nl (Netherlands)
    g. Amazon.jp (Japan)
    h. Amaon.in (India)
    i. Amazon.mx (Mexico)
    j. Amazon.br (Brazil)
    k. Amazon.it (Italy)

2. Eight original spreadsheets from the iTunes (Apple iBooks) account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

3. Eight original spreadsheets from Draft2Digital account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

4. Eight original spreadsheets from the GooglePlay account for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

5. Original spreadsheets from any other vendor account upon which damage calculations are being made for each of the following Months: January, February, March, April, May, June, July, and August, 2018, showing sales for all of Quill Ink's publications.

**RESPONSE TO REQUEST NO. 1**: In addition to the foregoing general objections, Plaintiff objects to this request as seeking documents from non-parties to this litigation and disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information. Subject to these objections, no responsive documents exist in Plaintiff's possession.

**PRODUCTION REQUEST NO. 2**: Provide any documents which contain statistics, charts, or reports relative to the sales of each of Zoey Ellis and Quill Ink's published books for the past three (3) years.

**RESPONSE TO REQUEST NO. 2**: In addition to the foregoing general objections, Plaintiff objects to this request as vague, ambiguous, overly broad and privileged. With respect to Plaintiff's first objection, this request is vague and ambiguous in that it requests documents which contain "statistics," "charts," or "reports" that are "relative to" sales. Plaintiff cannot properly respond to a vague request. With respect to Plaintiff's second objection, this request is overly broad in that it requests "any" documents. With respect to Plaintiff's third objection, this request seeks the production of documents protected by attorney work-product privilege to the extent it is requesting "any documents which contain statistics, charts, or reports" prepared by counsel or prepared in

anticipation of litigation. Plaintiff will not produce privileged documents. Subject to these objections, Plaintiff is unable to ascertain if it possesses any responsive documents based on the request as it is currently written.

**PRODUCTION REQUEST NO. 3**: If any report or evaluation of your sales figures was made or rendered by or for you, identify and provide each document, and state its contents.

**RESPONSE TO REQUEST NO. 3**: In addition to the foregoing general objections, Plaintiff objects to this request as vague, ambiguous, improper, and privileged. With respect to Plaintiff's first objection, this request is vague and ambiguous in that it requests data regarding Plaintiff's "sales figures" without identifying what is meant by "sales figures." Moreover, this request but provides neither a timeframe, nor the sales at issue. Plaintiff cannot and will not produce a complete history of its "sales figures." With respect to Plaintiff's second objection, this request is an improper use of a request for production. Plaintiff is not required to "identify" a document or "state its contents." Plaintiff is only required to produce the requested documentation. With respect to Plaintiff's third objection, this request seeks the production of documents protected by attorney work-product privilege to the extent it is requesting "any report or evaluation" prepared by counsel or prepared in anticipation of litigation. Plaintiff will not produce privileged documents. Subject to these objections, Plaintiff is unable to ascertain if it possesses any responsive documents based on the request as it is currently written.

**PRODUCTION REQUEST NO. 4**: Provide documentation showing when and from whom Zoey Ellis purchased Addison Cain's Alpha Claim series.

**RESPONSE TO REQUEST NO. 4**: In addition to the foregoing general objections, Plaintiff objects to this request as seeking documents from a non-party to this litigation. Subject to these objections, no responsive documents exist in Plaintiff's possession.

**PRODUCTION REQUEST NO. 5**: Produce a copy of the contract between the author known as Zoey Ellis and Quill Ink.

**RESPONSE TO REQUEST NO. 5**: In addition to the foregoing general objections, Plaintiff objects to this request as disproportionate to the needs of the case, considering the importance of the issues at stake in this action and the parties' relative access to relevant information and as seeking confidential and proprietary information. Notwithstanding the foregoing objections, and subject thereto, Plaintiff has no documents in its possession, custody, or control responsive to this request.

**PRODUCTION REQUEST NO. 6**: Pursuant to Factual allegation #90. Please provide a list of all vendors where Quill Ink's titles, including the Myth of Omega series, were sold since January of 2018, and provide a list of which vendors removed the titles from sale, and the exact dates the titles were unavailable due to the DMCA take down filings.

**RESPONSE TO REQUEST NO. 6:** In addition to the foregoing general objections, Plaintiff objects to this request as vague and ambiguous, as documents that would be responsive to ¶ 90 of Plaintiff's Amended Complaint [Doc. No. 6] would be documents related to "economic losses and other damages as set forth herein" directly related to Defendant's tortious interference with Plaintiff's prospective economic

advantage. Despite the content of ¶ 90, Defendant's request seems to go beyond those allegations, and require that Plaintiff prepare specific documents prior to production. Plaintiff will not create documents for Defendant. Notwithstanding the foregoing objections, and subject thereto, Plaintiff has no lists in its possession, custody, or control responsive to this request.

**PRODUCTION REQUEST NO. 7**: Provide documents outlining all payments received, directly or indirectly, by Quill Ink and Author Zoey Ellis for sales of written works for the past five (5) years.

**RESPONSE TO REQUEST NO. 7**: In addition to the foregoing general objections, Plaintiff objects to this request is overly broad in that it seeks documents "for the past five (5) years" relating to "sales of written works." Not only is the proffered time frame disproportionate to the needs of the case, but the request that Plaintiff produce data on "all" payments received for sales of "written works" regardless of author is equally disproportionate. Further, Plaintiff further objects to this request to the extent that it seeks documents from "Author Zoey Ellis," a non-party. Subject to these objections, Plaintiff will produce documents reflecting payments received by Plaintiff related to the works at issue in this case, for the period of time at issue in this case.

**PRODUCTION REQUEST NO. 8**: Provide the approximately eleven hundred Bates stamped documents submitted to Plaintiff by former co-defendant Addison Cain pursuant to Plaintiff's subpoena duces tecum.

**RESPONSE TO REQUEST NO. 8**: In addition to the foregoing general objections, Plaintiff objects to this request as vague and ambiguous, in that it specifically

requests "approximately eleven hundred Bates stamped documents." Notwithstanding the foregoing objections, and subject thereto, upon information and belief, Defendant already possesses these documents and has attempted to produce them as its own.

**PRODUCTION REQUEST NO. 9**: Provide full registration information on Plaintiff company's "Companies House" registration, as well as all other document filings in the United Kingdom related to Quill Ink Books.

**RESPONSE TO REQUEST NO. 9**: In addition to the foregoing general objections, Plaintiff objects to this request as vague, ambiguous and overly broad. With respect to Plaintiff's first objection, this request is vague and ambiguous in that it seeks "all other document filings…related to" without specifying the documents requested. Further, Plaintiff is unaware of what is meant by "Companies House" registration. Plaintiff cannot respond to this request if Defendant cannot identify the documents it is seeking. With respect to Plaintiff's second objection, this request is overly broad in that it requests "all other document filings." Subject to these objections, Plaintiff will produce its United Kingdom registration information.

**PRODUCTION REQUEST NO. 10**: Provide documentation showing exactly what corporate entity is being used to do business in the United States at every vendor with which Zoey Ellis' titles are listed for sale, including what corporate name, corporate address, EIN or tax ID number, and bank account has been provided to the vendor.

**RESPONSE TO REQUEST NO. 10**: Notwithstanding the foregoing objections, and subject thereto, Plaintiff has no documents in its possession, custody, or control responsive to this request.

**PRODUCTION REQUEST NO. 11**: Provide a copy of the application form for the U.S. Employer Identification Number, establishing the date the EIN was applied for in the U.S.

**RESPONSE TO REQUEST NO. 11**: In addition to the foregoing general objections, Plaintiff objects to this request as vague and ambiguous. Plaintiff is unsure what documents Defendant is seeking, as the documents are only identified as "the application form," without any further information. Subject to this objection, and to the extent Defendant is seeking a copy of the application form that must be completed, the same is publicly accessible.

**PRODUCTION REQUEST NO. 12**: Provide all correspondence between Nora Ash and Zoey Ellis, including but not limited to emails, text messages, and copies of Facebook private messages.

**RESPONSE TO REQUEST NO. 12**: In addition to the foregoing general objections, Plaintiff objects to this request as overly broad, in that it seeks "all correspondence" for an unlimited period of time and related to individuals who are not a party to this lawsuit. Subject to these objections, no responsive documents exist in Plaintiff's possession.

**PRODUCTION REQUEST NO. 13:** Provide all correspondence between Margarita Trevino Coale and Zoey Ellis, including but not limited to emails, text messages, and copies of Facebook private messages.

**RESPONSE TO REQUEST NO. 13:** In addition to the foregoing general objections, Plaintiff objects to this request as overly broad, in that it seeks "all

correspondence" for an unlimited period of time and related to individuals who are not a party to this lawsuit. Plaintiff further objects to this request as attempting to obtain documents protected by attorney-client privilege. Notwithstanding the foregoing objections, and subject thereto, Plaintiff has no documents in its possession, custody, or control responsive to this request.

s/ *Dylan D. Erwin*
Gideon A. Lincecum, OBA No. 19674
Dylan D. Erwin, OBA No. 31987
Holladay & Chilton, PLLC
204 North Robinson, Suite 1550
Oklahoma City, OK 73102
Telephone:   (405) 236-2343
Facsimile:   (405) 236-2349
Email: glincecum@holladaychilton.com
       derwin@holladaychilton.com

**ATTORNEYS FOR PLAINTIFF
QUILL INK BOOKS LIMITED**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2019, I mailed a true and correct copy of the above and foregoing via United States Mail, postage prepaid, to:

**Rebecca L Briggs, Esq.**
The Law Office Of Becky Briggs, LLC
315 Colorado Ave
Pueblo, CO 81003

*s/ Dylan D. Erwin*