## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) QUILL INK BOOKS LIMITED, a
foreign corporation,

      Plaintiff,

v.

(1) ABCD GRAPHICS AND DESIGN,
INC., D/B/A BLUSHING BOOKS
PUBLISHING, a foreign corporation, *et al.*,

      Defendants.

Case No.: CIV-18-920-G

### PLAINTIFF'S MOTION FOR ORDER COMMANDING
### FORMER DEFENDANT RACHELLE SOTO A/K/A ADDISON CAIN
### TO SHOW CAUSE WHY SHE SHOULD NOT BE ADJUDGED IN CIVIL
### CONTEMPT AND SANCTIONED FOR PERJURY

Plaintiff, Quill Ink Books Limited, pursuant to 18 U.S.C §§ 401 and 1621 moves this Court for an order commanding former Defendant Rachelle Soto a/k/a Addison Cain ("Cain") to show cause why she should not be adjudged in civil contempt and sanctioned for perjury.

### PRELIMINARY STATEMENT

On October 17, 2018, Plaintiff filed its Amended Complaint (Doc. No. 6) and commenced the instant action against ABCD Graphics and Design, Inc. d/b/a Blushing Books Publishing ("Blushing"), Cain, and John and Jane Doe (the "Does"). On November 26, 2018, in response to the Amended Petition, Cain filed a Motion to Dismiss (Doc. No. 18). In the Motion to Dismiss, Cain asserted that she had "no personal business contacts with Oklahoma, and…[had] not directed any activities towards Oklahoma that relate to

[Plaintiff's] cause of action." *See* Doc. No. 18, pg. 12. Further, in a "declaration" (Doc. No. 18-1) filed with the Court, Cain declared "I have no contacts with Oklahoma." *See* Doc. No. 18-1, ¶ 5. Cain elaborates by declaring "I do not personally conduct business in Oklahoma. All publication and sales activities relating to my books have always been conducted by Blushing Books and other third-party publishers and retailers…[t]he only contact I have had with Oklahoma is that some of my books have been purchased by Oklahoma residents…[o]ther than this, I have no contacts with Oklahoma." *See id.* at ¶ 8. This declaration was made "under penalty of perjury." *See id.* at pg. 2.

On December 17, 2018, Plaintiff filed its Combined Response and Objection to Cain's Motion to Dismiss (Doc. No. 21). Therein, Plaintiff reasserts the allegation contained in paragraph 44 of the Amended Petition that both Blushing and Cain directed a take-down notice to Plaintiff's distributor and various vendors. *See* Doc. No. 21, pg. 15. On December 26, 2018, Cain filed her Reply in Support of the Motion to Dismiss (Doc. No. 24), further attempting to refute Plaintiff's claims by stating that she "has never had any direct communication with Draft2Digital and any indication to the contrary stated in the forwarded email where the employee of Draft2Digital appears to have mistakenly equated the publisher with the author should not be used as credible evidence to establish personal jurisdiction." *See* Doc. No. 24, pg. 2. Cain further claims she "did not send the take down notice." *See id.* at pg. 7.

During the formal discovery process, Plaintiff learned that the claims made by Cain both in the aforementioned pleadings, and in oral argument to the Court, were untrue. When documents were subpoenaed from Cain, the resulting production provided a litany of email

correspondence evidencing, contrary to Cain's prior assertions, that she was not only involved in the decision to send the DMCA take-down notices, but she was also *commanding* the same. *See* **Ex**. **1**, April 18, 2018 email from Rachelle Soto to Bethany Burke ("File the DMCAs immediately to Amazon, iTunes, and [Barnes and Noble]; "I will deflect to Blushing and remain distant and naïve;" . . . "Some people will be reactive right out of the gate, but that's why I have a publisher to hid behind. It will pass quickly."); **Ex. 2**, April 19, 2018 email from Bethany Burke to Rachelle Soto ("I think your decision to hide behind Blushing and paint us as the instigators is how it absolutely should be. Let us take the heat. All you have to do is say 'My publisher chose to take action. It was and continues to be out of my hands.' Let people get mad at us.") (emphasis added); **Ex. 3**, April 17, 2018 email from Rachelle Soto to Bethany Burke. ("I don't have a copyright filed for this, but Allison [Travis], can you submit my contract as proof of first publishing and send in a DMCA to Amazon.[*sic*]"); **Ex. 4**, April 26, 2018 email from Rachelle Soto to Allison Travis ("When [Barnes and Noble] does respond, let let[*sic*] them know that [*Crave to Claim*] needs to come down too. I don't want [Plaintiff's author Zoey Ellis] to make any more money off this series. #AngryAddison LOL") (emphasis added); **Ex. 5**, May 16, 2018 email from Rachelle Soto to Allison Travis ("Can we call [Amazon]? [*Crave to Claim*] is going to go live soon, and I don't want it being released.") (emphasis added); **Ex. 6**, July 11, 2018 email from Rachelle Soto to Bethany Burke ("[Zoey Ellis's] books are back up on iBooks…They are also on Kobo and Google Play. And I'm super mad (not at you, at this f###ed [text omitted] up situation). Can we please send out DMCA Takedown notices to these people.[*sic*] Also, what are we going to do about Amazon? Help!"). In short, Cain's

statements in her email correspondence to Blushing shows her declaration, made under penalty of perjury, was false and given with premeditation to mislead the Court and anyone else.

This misrepresentation to the Court was further shown in Blushing's recent discovery responses to Plaintiff. *See* **Ex. 7**, Defendant's Responses to Plaintiff's Third Set of Discovery Requests, pg. 23 ("While [Cain] never asked [Blushing] to lie about any matter, [Blushing] and [Cain] did discuss [Cain's] 'hiding behind' her publisher if confronted on social media about the DMCA filings. Subsequent to that conversation, [Cain] of her own accord and volition filed at least one additional DMCA take down notice."); *See id.* ("[Plaintiff's Request:] Admit Cain misrepresented her involvement with the filing of the DMCA notices against the 'Zoey Ellis' brand of books to the United States District Court for the Western District of Oklahoma...[Blushing's Response:] Admitted. Cain misrepresented her involvement." *Id.* at pg. 28.

This newly discovered evidence shows that Cain perjured herself in order to obtain a dismissal from the present litigation. Cain should be adjudged guilty of civil contempt for this reprehensible behavior.

## ARGUMENT & AUTHORITIES

Under federal law, perjury is defined as follows:

> "Whoever[…]in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which [she] does not believe to be true;
>
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This

> section is applicable whether the statement or subscription is made within or without the United States."

18 U.S.C. § 1621(2). Moreover, as distinguishable from criminal perjury, a court has the inherent power "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as[…][m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." *Id.* at § 401(1).

## I.   CAIN'S WRITTEN STATEMENTS CONSTITUTE PERJURY, AND SHE SHOULD BE ADJUDGED GUILTY OF CIVIL CONTEMPT AND SANCTIONED.

Based on the evidence gathered during formal discovery and discussed, *supra*, the argument, factual allegations, and declaration provided by Cain that served as the basis of her dismissal from this litigation were untrue. Pursuant to 18 U.S.C. § 1621(2), those misrepresentations were made via declaration. Specifically, Cain's declaration that "All publication and sales activities relating to [her] books have always been conducted by Blushing Books and other third-party publishers and retailers" was false. As is evidenced by her email correspondence with Blushing, all the actions regarding transmission of the DMCA take-down notices were done at the direction of Cain; and, Cain's intention was to "hide behind" Blushing. *See* **Exs. 1-6**. Moreover, as disclosed in formal discovery, Cain's relationship with the forum state and role in the transmission of the DMCA as alleged in her Motion to Dismiss, her declaration, and what her counsel represented to the Court during oral argument were misrepresentations. *See* **Ex. 7**.

Plaintiff considers the misrepresentations to the Court constitute perjury under 18 U.S.C. § 1621. Further, Plaintiff also believes in making these misrepresentations Cain has

placed herself in contempt of Court pursuant to 18 U.S.C. § 401(1). In lying to the Court and misrepresenting her relationship to the proceedings, Cain was dismissed from the lawsuit. As a direct result, Plaintiff was forced to engage local counsel and file suit against Cain in the United States District Court for the Eastern District of Virginia. In short, this misbehavior has obstructed Plaintiff's ability to obtain justice.

## CONCLUSION

Cain intentionally and with premeditation misrepresented facts to this Court. This is made abundantly clear not only by Cain's own words in her emails with Blushing, but also the words of Blushing in formal discovery. These misrepresentations constitute perjury under 18 U.S.C. § 1621(2), and civil contempt under 18 U.S.C. § 401(1).

WHEREFORE, for the reasons stated herein, Plaintiff respectfully requests that this Court grant its Motion, and enter an Order commanding Cain to show cause as to why she should not be adjudged guilty of civil contempt and sanctioned for perjury, and for such other relief as the Court deems just and equitable, including Plaintiff's expenses in have to pursue another action in Virginia federal court.

s/ *Dylan D. Erwin*
_____
Gideon A. Lincecum, OBA No. 19674
James W. Dobbs, OBA No. 14995
Dylan D. Erwin, OBA No. 31987
HOLLADAY & CHILTON, PLLC
204 North Robinson, Suite 1550
Oklahoma City, OK 73102
Telephone:  (405) 236-2343
Facsimile:  (405) 236-2349
Email:  glincecum@holladaychilton.com
           jdobbs@holladaychilton.com
           derwin@holladaychilton.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of September, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

**Rebecca L Briggs**
beckybriggslaw@gmail.com

**Shawn M Dellegar**
shawn.dellegar@crowedunlevy.com, carol.welch@crowedunlevy.com,
ECFT@crowedunlevy.com, tammy.shaddox@crowedunlevy.com

**Deric J McClellan**
deric.mcclellan@crowedunlevy.com, pat.george@crowedunlevy.com,
ecft@crowedunlevy.com

**Gideon A Lincecum**
glincecum@holladaychilton.com, cburgess@holladaychilton.com,
ECF_Service@holladaychilton.com

**Dylan D Erwin**
derwin@hollladaychilton.com, lspencer@holladaychilton.com,
ecf_service@holladaychilton.com

*s/ Dylan D. Erwin* _____